340 So.2d 487 (1976)
Frank T. CORK and Henriette Cork, Appellants,
v.
Robert GABLE et al., Appellees.
No. 75-581.
District Court of Appeal of Florida, Second District.
December 1, 1976.
Rehearing Denied January 14, 1977.
*488 Patrick J. Murphy of Crabtree, Butler, Syprett & Meshad, P.A., Sarasota, for appellants.
W. Robert Mann of Mann, Fay & Price, Bradenton, for appellees Larsen Brothers and United States Fidelity and Guaranty.
FOGLE, HARRY W., Associate Judge.
This is an appeal from a summary judgment entered in favor of Larsen Brothers and its liability insurance carrier, United States Fidelity and Guaranty Company.
Appellants filed suit against appellees for damages for personal injuries sustained by Frank Cork. At the time of the accident on April 24, 1972, Cork was an employee of Royal Engineering Company. The record reflects that Royal was either a wholly owned subsidiary or a division of International Paper Company. Under an oral contract, International was selling cardboard shipping boxes to Richfield Packing, Inc. for use in Richfield's tomato packing operation. In order to provide these boxes ready for use by Richfield, International arranged for Royal to fabricate, install and maintain box-folding equipment at Richfield's plant.
Cork was employed by Royal to drive a truck carrying some of the equipment, including an air compressor, to the Richfield plant. The equipment was to be lifted into the second-story loft. International/Royal hired Larsen Brothers to furnish a crane and operator at an hourly rate. While Larsen's employee, Gable, was operating the crane, which was in the process of moving the air compressor from the truck to the loft, the crane came in contact with the electrical wires, resulting in burns and other injuries to Cork. The court entered the summary judgment on the premise that Larsen was immune from suit because of the exclusive remedy provisions of the Florida Workmen's Compensation Law.
The position of Larsen and USF&G is that they are immune from suit because International Paper was the statutory employer of both Cork and Gable under Sections 440.10 and 440.11, Florida Statutes (1971). They argue that International/Royal "undertook a general obligation ... to furnish specific work, paper-board products and fabricating techniques" to Richfield Packing in accordance with a negotiated agreement and subcontracted a part of its obligation to Larsen Brothers. We disagree.
Section 440.10(1) reads as follows:
"440.10 Liability for compensation

"(1) Every employer coming within the provisions of this chapter, including any *489 brought within the chapter by waiver of exclusion or of exemption, shall be liable for and shall secure the payment to his employees of the compensation payable under §§ 440.13, 440.15 and 440.16. In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment."
Section 440.11 provides that the liability of an employer prescribed in Section 440.10 shall be exclusive and in place of all other liability.
In Jones v. Florida Power Corp., 72 So.2d 285 (Fla. 1954), our Supreme Court held that before a party is entitled to the immunity provided by these sections there must be a contractual obligation on the part of the contractor, a portion of which he sublets to another. This rationale was also discussed by the Supreme Court in West v. Sampson, 142 So.2d 74 (Fla. 1962). The First District Court of Appeal later said:
"... In West v. Sampson our Supreme Court indicated, if it did not specifically so hold, that the type of contractual obligation by which one must be bound in order to be held a contractor within the meaning of the statute is the conventional type of contract entered into between a general contractor and an owner of property for whose benefit improvements are to be constructed or specified work is to be performed, by which the contractor agrees for a stated consideration to construct an improvement or perform the work in accordance with agreed plans and specifications." State v. Luckie, 145 So.2d 239 (Fla. 1st DCA 1962).
The instant case is somewhat analogous to Florida Power and Light Company v. Brown, 274 So.2d 558 (Fla.3d DCA 1973). There, Pompano Fashion Square made arrangements to have Florida Power supply electricity to the shopping center's power lines. In order to do this it was necessary for Florida Power to place some of its equipment in underground and above ground vaults on the shopping center's property. Florida Power contracted with McClure Company to do some of the work necessary to install the Florida Power equipment and to make the electrical connections. In the course of this work one of McClure's employees suffered electrical burns and brought suit against Florida Power. Reasoning that the "contract" between Florida Power and Fashion Square did not result in the type of contractual obligation contemplated by the statutes, the court held that Florida Power was not a "contractor" within the meaning of Sections 440.10 and 440.11.
In the same sense, we do not believe that International/Royal occupied the position of a general contractor to Richfield. The essence of the transaction was the sale of cardboard boxes. No doubt because of the economics involved, it was advisable for these boxes to be folded at the Richfield plant. While this necessarily entailed having box-folding machinery installed at the plant, the installation was only incidental to the sale of the boxes to Richfield. Since International was not a general contractor under the statutes, it was not the statutory employer of Cork and Gable. Therefore, even though Cork had received workmen's compensation benefits, the appellants were entitled to sue Larsen Brothers as a third-party tortfeasor.
REVERSED.
McNULTY, C.J., and GRIMES, J., concur.