461 So.2d 977 (1984)
PHYSICIANS WEIGHT LOSS CENTERS OF AMERICA, INC., Appellant,
v.
Nicki G. PAYNE, Appellee.
No. AZ-467.
District Court of Appeal of Florida, First District.
December 14, 1984.
Mitchell J. Frank, of Rogers, Dowling & Bos, Orlando, for appellant.
B. Thomas Whitefield, of Ulmer, Murchison, Ashby, Taylor & Corrigan, Jacksonville, for appellee.
WENTWORTH, Judge.
By this petition for writ of certiorari the defendants below seek review of an order of the trial court which denied their motion to compel arbitration[1] and stay court proceedings. We grant the writ, and remand with instructions to the trial court.
This case arises out of a four count complaint filed by Nicki J. Payne against petitioners. The first count alleged that petitioners fraudulently induced Payne to enter into a franchise agreement by making false representations to her regarding the degree and likelihood of acquiring a profitable business. Count two alleged that the fraudulent acts complained of in count one constituted a violation of § 501.204, Florida Statutes. Count three sought damages pursuant to § 817.416(3), and count four sought rescission of the franchise agreement because of the alleged fraud. Defendants filed a motion to stay the court proceedings and compel arbitration. Payne then filed a response containing seven "Affirmative Defenses," the seventh of which alleged:
The execution by Nicki Payne of the contract which contains the alleged arbitration clause was procured by the Defendant through the fraudulent representations alleged in the Amended Complaint. The execution of the contract was part of a scheme or plan on the part of PWLC to induce Payne to pay PWLC *978 $48,000 in cash and sign a note for an additional $16,000. The insertion of the alleged mediation and/or arbitration clause into the contract was one of the means used by PWLC to effect its fraudulent scheme and was designed to make it as difficult and inconvenient as possible for Payne to litigate and prove her claim and to recover her damages once the fraud of PWLC was discovered. It further was inserted to deprive Payne of the liberal discovery procedures and the right to subpoena witnesses. It was also inserted to avoid responsibility and liability under the consumer protection laws of the State of Florida.
The trial court construed this seventh defense as alleging that the arbitration clause of the contract was procured by fraud, and denied petitioners' motion on that ground.[2]
We find that the trial court erred in denying petitioners' motion to compel arbitration on the basis of an allegation which has not been determined to be true.[3] The trial court did not find that the arbitration clause was in fact procured by fraud, and there is no indication from the documents and argument before this court that any evidence was presented in support or contradiction of the allegation. Whether or not an arbitration clause is itself part of an overall fraudulent scheme or was itself procured by fraud is a preliminary factual issue which must be determined by the trial court. See Mosely v. Electronic & Missile Facilities, Inc., 374 U.S. 167, 83 S.Ct. 1815, 10 L.Ed.2d 818 (1963); Prima Paint Corp. v. Flood & Conklin Manufacturing Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). Obviously, an allegation in the pleadings does not constitute a determination on the merits.[4] Therefore, the petition for writ of certiorari is granted, the order of the trial court is quashed, and the cause is remanded for a determination on the merits of the plaintiff's claim that the agreement to arbitrate was itself fraudulently induced.[5]
BOOTH and SHIVERS, JJ., concur.
NOTES
[1] Defendants' (appellants) motion was made "pursuant to Florida Statute § 682.03(1), Florida case law, and applicable federal law." The petition here asserts "Chapter 682 is not applicable because the agreement incorporates Ohio law, but it should have been held enforceable under federal law," citing Lipton Professional Soccer, Inc. v. Mijatovic, 416 So.2d 1236, 1237 (Fla. 1st DCA 1982).
[2] We decline, absent a transcript of the hearing on the motion, to review the apparent conclusion to carry over defenses to the second motion.
[3] The order does not hold, in terms, that allegations of fraudulent inducement are not arbitrable. We note, in any event, that the parties here assume applicability of federal arbitration law to the agreement, and that "Contracts which contain arbitration clauses and which are subject to the Federal Arbitration Act are severable, and fraud in the inducement of the principal agreement does not taint the arbitration clause, so that a question of fraudulent inducement is arbitrable." Anno. 11 A.L.R. 4th 774. Cf., § 682.03, Florida Statutes: "If the court shall find that a substantial issue is raised as to the making of the [arbitration] provision, it shall summarily hear and determine the issue and ... grant or deny the application [to compel arbitration]." (emphasis supplied)
[4] Respondent concedes that "Where fraud in the inducement of an arbitration provision is alleged, a court ... must decide that question. See, Wick v. Atlantic Marine, Inc., 605 F.2d 166, 168 (5th Cir.1979), Robert Lawrence Company v. Devonshire Fabrics, Inc., 271 F.2d 402, 410-11 (2d Cir.1959) cert. dismissed, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960). If the Court finds the arbitration clause was fraudulently procured, it cannot compel arbitration." (e.s.) The order herein setting this case for trial clearly contemplates determination of all issues by the court whether or not it first finds fraud in procurement of the arbitration clause.
[5] We are not persuaded by respondent's several asserted alternate grounds for affirming the trial court's order, absent any determination by the trial court that the complaint was not based on the franchise agreement, that the arbitration provision was fatally ambiguous, or that it was patently illusory. Cf., R.W. Roberts Construction Co. v. St. Johns River, 423 So.2d 630 (Fla. 5th DCA 1982).