501 So.2d 126 (1987)
DOCTORS ASSOCIATES, INC., a Connecticut Corporation, Appellant,
v.
Carol C. McCRORY and Linda Kline, Appellees.
No. 86-1151.
District Court of Appeal of Florida, Second District.
January 21, 1987.
*127 Edmund S. Whitson, Jr. of Whitson & Whitson, P.A., Clearwater, for appellant.
Donald W. Giffin, St. Petersburg, for appellees.
CAMPBELL, Judge.
This case arises out of a sandwich shop franchise agreement dispute. The trial court denied appellant's, Doctors Associates, Inc., motion for a stay pending arbitration and to compel arbitration as to four counts of appellees', Carol C. McCrory and Linda Kline, complaint. Appellant appeals. We reverse the decision below and order arbitration.
Appellees' complaint alleged five causes of action. Count I alleged that appellant had violated Florida securities law under chapter 517, Florida Statutes. Count II concerned purported misrepresentations regarding the prospects for success of a franchise, in violation of section 817.416, Florida Statutes (1983). Count III alleged misrepresentation concerning the expected profits and/or the quantity or quality of the franchises to be sold, in violation of section 559.809, Florida Statutes (1983). Count IV alleged common law fraud on the part of appellant concerning the sale of the franchise. Count V was a reallegation of the other counts which were deemed to constitute a violation of the civil theft statute, section 812.035, Florida Statutes (1983).
Since the parties' contract contained arbitration provisions, appellant filed a motion for stay of action pending arbitration and to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-14. The trial court granted appellant's motion to compel arbitration and the stay only as to Count I of appellees' complaint. Appellees thereafter dismissed Count I of their complaint.
Appellant argues that the trial court erred in refusing to compel the parties to arbitrate each count of the complaint pursuant to the written franchise agreement. We agree. Based on the authority of Merrill Lynch, Pierce, Fenner and Smith, Inc. v. Melamed, 453 So.2d 858 (Fla. 4th DCA 1984), we reverse the decision below and remand with directions to enter an order compelling arbitration on all counts.
RYDER, A.C.J., and FRANK, J., concur.