543 So.2d 359 (1989)
BEAVER COACHES, INC., Appellant,
v.
REVELS NATIONWIDE R.V. SALES, INC., Appellee.
No. 88-3075.
District Court of Appeal of Florida, First District.
May 12, 1989.
*360 James L. Simon, Steven L. Brannock and Stacy D. Blank of Holland & Knight, Tampa, for appellant.
Dana G. Bradford of Gallagher, Baumer, Mikals, Bradford, Cannon & Walters, P.A., Jacksonville, for appellee.
JOANOS, Judge.
Pursuant to Rule 9.130(a)(3)(C)(v), Florida Rules Appellate Procedure, Beaver Coaches, Inc. has appealed from a non-final order denying the arbitrability of certain claims filed against it by Revels Nationwide R.V. Sales, Inc. We reverse.
The parties entered into a Dealer and Service Agreement (Agreement) wherein Revels was appointed an authorized dealer of Beaver's recreational vehicles. A specific territory was designated in the contract, and Beaver agreed "that as long as [Revels] is not in default under this agreement, during the term of this agreement, Beaver will not appoint any other dealer in the Territory."
Revels subsequently filed a complaint against Beaver alleging, in Count I, that Beaver had breached the exclusivity provision by authorizing other dealers to market their vehicles in Revels' territory. Consequential damages were alleged and sought in the form of lost profits and sales, floor plan and financing costs, and funds invested into the dealership. Count II of the complaint alleged violation of Section 817.416, Florida Statutes (the Florida Franchise Fraud Act), in that Beaver knowingly misrepresented that the contractually designated territory would be exclusive to Revels in order to induce Revels' execution of the contract, and further failed to disclose its intention to establish additional dealerships beyond the ability of the market area to sustain them; the same consequential damages were alleged and sought.
Paragraph 21(a) of the Agreement provides that:
Disputes and other matters in question between Beaver and [Revels] arising out of, or relating to this agreement, shall be decided by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association then in effect unless the parties mutually agree otherwise.
Pursuant to this provision, Beaver filed a "Demand for Arbitration and Motion to Dismiss or to Stay or Abate Proceedings Pending Arbitration." The motion alleged that the Federal Arbitration Act, 9 U.S.C. § 1, et seq., was applicable to the contract (which Revels does not dispute) and that, given the strong federal policy favoring arbitration and the broad language of the contract's arbitration clause, the court was obliged to move the parties to arbitration.
At the hearing on the motion, Revels pointed out that the damages sought in both counts of its complaint exceeded the limitation of remedies found in Paragraph 8 of the Agreement, which provided that "except as otherwise expressly provided in this agreement, no consequential damages, incidental damages or other indirect or special damages or loss" would be recoverable by either party for a breach of the Agreement. Revels then noted that Paragraph *361 14 of the Agreement appeared to permit Beaver, upon any breach by Revels, to pursue the very remedies from which Revels was barred by Paragraph 8. It maintained that, whereas a court was free to declare the limitation of remedies therefore unenforceable for lack of mutuality and award the damages sought, an arbitrator could not award a remedy which was excluded by the contract, citing Alco Standard Corp. v. Benelal, 345 F. Supp. 14 (E.D.Pa. 1972).
With regard to Count II of the complaint, Revels further argued that, because it alleged violation of a statutory duty, imposed by Section 817.416, not to fradulently induce franchise contracts, the acts complained of did not "arise from or relate to" the Agreement so as to place the allegations within the Agreement's arbitration clause.
The trial judge adopted Revels' arguments as to both counts of the complaint. With regard to Count I, the court found, as a matter of law, that, when read in conjunction with Paragraph 14, the Agreement's limitation of remedies clause was void for lack of mutuality. The court relied on Alco, supra, to hold that, while a court of law was free to make such a finding and refuse to enforce the contractual limitations clause, thus enabling it to award the damages sought by Revels in Count I, an arbitrator could not go beyond that clause to award those damages. Arbitrability was therefore denied as to Count I.
The court further found that, because Revels sought the same damages in Count II as in Count I, the foregoing conclusion served to bar arbitrability as to that count as well. The court went on to note that the statutory duty of a franchisor not to make misrepresentations with regard to the franchise were provided by law and were independent of any agreement between the franchisor and franchisee. The violations of that duty alleged in Count II, therefore, did not "arise out of or relate to" the Agreement herein, putting the alleged violations outside the scope of the arbitration clause. Arbitrability was thereupon denied as to Count II as well.
First of all, we find that the trial court herein incorrectly expanded the holding in Alco, supra, to mean that, whenever the contract as a whole, as opposed to the arbitration agreement within that contract, contains a limitation of remedies clause, an arbritrator is limited by the provisions of that clause in the remedies he can afford.
The contract at issue in Alco was an agreement to indemnify from damages of "loss, cost or expense deemed to have been incurred as the result of a determination of a Primary Claim", which was defined in terms of money damages. The contract's arbitration clause provided only for "the right to submit any disputed Primary Claim for final determination by the arbitrator." Hence, the arbitration clause itself, by its limitation to "Primary Claims" with their own contractually defined remedy, and not the contract as a whole, limited the remedy that could be granted by the arbitrator. The Alco court held no more than that: "The powers of arbitrators arise out of the agreement ... submitting the dispute to them [i.e., the arbitration agreement], and they are limited to act only on those issues and to fashion only those remedies which the agreement itself permits." Alco at 21-22 (emphasis supplied). Therefore, the trial court's reading of Alco to mean that a limitation of remedies outside of the arbitration clause limits the arbitrator's powers was erroneous. Because no limitation of remedies is contained within the broad arbitration clause involved herein, the denial of arbitrability in reliance on Alco must be reversed.
This holding also serves to reconcile Alco with case law holding that, while an arbitrator should be bound by a specific agreement of the parties barring consequential damages, he can depart therefrom if he expresses as a separate determination in the award that the provision is unconscionable. Farkar Co. v. R.A. Hanson Disc, Ltd., 604 F.2d 1, 2 (2d Cir.1979). Revels pointed out at oral argument that the trial court did not find the limitation invalid as unconscionable, but for lack of mutuality. However, assuming that this is a distinction with a difference, claims of *362 adhesion, unconscionability, waiver of judicial remedy without knowledge and lack of mutuality, so long as they do not pertain to the arbitration clause itself, should be resolved in arbitration. Benoay v. Prudential-Bache Securities, Inc., 805 F.2d 1437, 1441 (11th Cir.1986) (emphasis supplied).
As noted above, Count II of the complaint alleged violations of Section 817.416, Florida Statutes, in that 1) Beaver knowingly misrepresented that the contractually designated territory would be exclusive to Revels in order to induce Revels' execution of the contract, and 2) failed to disclose its intention to establish additional dealerships beyond the ability of the market area to sustain them. Consequential damages similar to those in Count I were alleged and sought. Based on the damages claim, the court denied arbitrability as to Count II in reliance on Alco and, as explicated above, denial on that ground was erroneous. However, arbitrability was also denied as to this count on the ground that the violations alleged therein were based on Section 817.416, Florida Statutes, independently of the contract herein, and hence such allegations did not "arise from or relate to" the contract so as to fall within the provisions of the arbitration clause.
We note first of all that fraudulent inducement to enter into a franchise agreement by misrepresentations regarding exclusivity of sales territory is not proscribed by Section 817.416, and hence is not subject to the trial court's specific objection as to this count of the complaint. Further, it is well-established that "arbitration clauses are `separable' from the contracts in which they are imbedded, and that where no claim is made that fraud was directed to the arbitration clause itself, a broad arbitration clause will be held to encompass arbitration of the claim that the contract itself was induced by fraud." Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 402, 87 S.Ct. 1801, 1805, 18 L.Ed.2d 1270 (1967); Physicians Weight Loss Centers of America, Inc. v. Payne, 461 So.2d 977, 978 n. 3 (Fla. 1st DCA 1984). The Prima Paint court denominated as "broad" an arbitration clause providing that "[a]ny controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration... ." Prima Paint, 388 U.S. at 398, 87 S.Ct. at 1803. The instant arbitration clause states that "[d]isputes and other matters in question between Beaver and [Revels] arising out of or relating to this agreement, shall be decided by arbitration... ." Because we find the instant clause at least as broad in scope as that set forth in Prima Paint, and because there is no contention herein that the arbitration clause itself was fraudulently induced, Revels' contention that Beaver fraudulently induced the contract by misrepresentations of territory exclusivity is clearly arbitrable.
We make the same finding with regard to Section 817.416(2)(a)3, Florida Statutes, governing Revels' allegation that Beaver intentionally misrepresented its intentions to sell more franchises than was reasonable to expect the market area for the particular area to sustain. First of all, any time a contract contains an arbitration clause, there is a presumption of arbitrability in the sense that "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 650, 106 S.Ct. 1415, 1419, 89 L.Ed.2d 648 (1986). In the case of a particularly broad arbitration clause, only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail. AT & T at 650, 106 S.Ct. at 1419.
We cannot say, given the breadth of the arbitration clause quoted above, requiring arbitration of all disputes not only "arising from" but "relating to" the instant contract, that the clause is not "susceptible of an interpretation" that covers this dispute regarding Beaver's conduct with regard to the franchise agreement. Revels argues that the "presumption of arbitrability" should not apply in that arbitration of the statutory claim would violate public policy, i.e., the contract's limitation of remedies *363 clause would prohibit an arbitrator from awarding any statutory damages which are outside the limitations clause. This rationale, as has been shown, is without merit.
Further, at least one other Florida court, when faced with the refusal of a trial court to compel arbitration with regard to a misrepresentation in violation of Section 817.416, Florida Statutes, has reversed and remanded with directions to compel arbitration on that issue. See Doctors Associates, Inc. v. McCrory, 501 So.2d 126, 127 (Fla. 2d DCA 1987).
Based on the foregoing, the order of the trial court denying Beaver's "Demand for Arbitration and Motion to Dismiss or to Stay or Abate Proceedings Pending Arbitration" is reversed and this cause is remanded with directions to enter an order compelling arbitration on all counts.
THOMPSON and ZEHMER, JJ., concur.