740 So.2d 585 (1999)
PRIMECO PERSONAL COMMUNICATIONS, etc., Appellant,
v.
COMMONWEALTH DISTRIBUTORS, INC., Appellee.
No. 99-256.
District Court of Appeal of Florida, Third District.
August 11, 1999.
Rehearing Denied October 6, 1999.
*586 Holland & Knight and Susan H. Aprill and Jose A. Casal, Miami, for appellant.
Franklin J. Siegel, Miami; Russo Appellate Firm, P.A. and Elizabeth K. Russo, Miami, for appellee.
Before JORGENSON, LEVY, and FLETCHER, JJ.
LEVY, Judge.
PrimeCo Personal Communications ("PrimeCo") appeals from a trial court Order which partially denied its Motion to Compel Arbitration. Commonwealth Distributors, Inc. (CDI) cross-appeals a ruling in the same Order which granted arbitration of the Breach of the Implied Covenant of Good Faith and Fair Dealing claim. We reverse in part and affirm in part.
CDI and PrimeCo entered into a one-year distributorship agreement. The agreement provides for automatic renewal unless one of the parties gives written notice of its intent to terminate, or deny renewal, at least 30 days prior to the end of the one-year term. The agreement contains an arbitration provision which requires that "any claim, controversy or dispute between the parties ... be resolved by arbitration."
At least thirty days prior to the end of the one-year term, PrimeCo gave CDI notice of its intent to deny renewal of the agreement. In response, CDI filed suit against PrimeCo alleging claims for Fraud in the Inducement (Count I), Intentional Interference with Business Relationships (Count II), Breach of Contract (Counts III & IV) and Breach of the Implied Covenant of Good Faith and Fair Dealing (Count V). Relying on the arbitration clause, PrimeCo moved to compel arbitration of all counts and to stay the action pending arbitration. The circuit court granted the motion in part compelling arbitration of the two Breach of Contract claims and the Breach of the Implied Covenant of Good Faith and Fair Dealing claim. Additionally, the court stayed the proceedings on the other two claims pending arbitration.
PrimeCo filed this appeal claiming that all five Counts in the Complaint should be submitted to arbitration. CDI cross-appeals the portion of the Order that compels arbitration of the breach of the implied covenant of good faith and fair dealing claim claiming that the Count is not arbitrable because punitive issues are raised. We find, as PrimeCo argues, that all the claims must be submitted to arbitration.
The contract between PrimeCo and CDI is clear and unambiguous to the extent that it provides for arbitration of "any claim, controversy or dispute between the parties." Terminix Intern. Co. v. Ponzio, 693 So.2d 104 (Fla. 5th DCA 1997); Royal Caribbean Cruises v. Universal Employment Agency, 664 So.2d *587 1107 (Fla. 3d DCA 1995); Beaver Coaches, Inc. v. Revels Nationwide R.V. Sales, Inc., 543 So.2d 359 (Fla. 1st DCA 1989). See also Beaver Coaches, Inc. v. Revels Nationwide R.V. Sales, Inc., 543 So.2d 359 (Fla. 1st DCA 1989); Gregory v. Electro-Mechanical Corp., 83 F.3d 382 (11th Cir. 1996). Additionally, the contract provides that the arbitrator's authority to award damages is limited to compensatory damages. It is, therefore, abundantly clear that the parties have contractually agreed that neither party will be able to recover punitive damages from the other in connection with any claim or controversy that must be submitted to arbitration pursuant to the contract. See Complete Interiors, Inc. v. Behan, 558 So.2d 48, 50-51 (Fla. 5th DCA 1990); Beaver Coaches, 543 So.2d at 361. Accordingly, we reverse, and remand with directions that all the claims be submitted to arbitration. In light of our holding on the main appeal, we find the cross-appeal to be without merit, and affirm.
Reversed in part with directions and affirmed in part.