759 So.2d 2 (1999)
The POOLE AND KENT COMPANY, Appellant,
v.
GUSI ERICKSON CONSTRUCTION COMPANY, Appellee.
No. 98-04258.
District Court of Appeal of Florida, Second District.
September 29, 1999.
Rehearing Denied January 26, 2000.
*3 Herman M. Braude and Stuart H. Sakwa of Braude & Margulies, P.C., Washington, D.C.; and Stanley H. Eleff and David J. Rice of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, Tampa, for Appellant.
James E. Moye and Gregory S. Martin of Moye, O'Brien, O'Rourke, Hogan & Pickert, Orlando, for Appellee.
ALTENBERND, Acting Chief Judge.
The Poole and Kent Company (Poole) appeals the trial court's order denying an application to vacate an arbitration award and the judgment confirming the award in favor of Gusi Erickson Construction Company (Gusi). We affirm the judgment. Although several nonessential findings in the order denying the application to vacate the arbitration are incorrect or inappropriate, we affirm that order. Whether the outcome of this arbitration proceeding will affect a lawsuit pending in Dade County was not an issue that the trial court needed to determine when denying the application to vacate or when entering judgment. The impact, if any, of the arbitration proceeding on the action in Dade County is an issue for that court to resolve notwithstanding the findings in the trial court's order denying the application to vacate.
Poole entered into a contract with Hillsborough County in 1996 to build certain wastewater treatment facilities in the southern part of the county. Gusi entered into several subcontracts with Poole on September 24, 1996, to construct various portions of the facilities. The relationship between Poole and Gusi deteriorated during this construction project, and Gusi finally terminated work on the project on September 12, 1997, after much, but not all, of its work was complete.
The contract between Poole and Gusi contained a very broad arbitration clause.[1] *4 Gusi invoked the clause by filing a demand for arbitration with the American Arbitration Association in September. Poole answered and filed a counterclaim for arbitration. As is common in arbitration, these filings do not detail the issues or disputes that the parties wished to arbitrate. The arbitration was scheduled for late April 1998. It is noteworthy that the three arbitrators were very experienced with such construction projects, but none was a licensed attorney.
Two business days before the scheduled arbitration, Poole filed an action for declaratory relief in the circuit court in Hillsborough County, requesting a stay of the arbitration. Poole requested the stay on the theory that the contract was unenforceable because Gusi did not have a valid qualifying agent on the date that the contract was signed. Poole maintained that this condition essentially voided the contract, relieving it of any obligation to arbitrate or pay for work performed by Gusi pursuant to the document. It attached a self-authenticating document from the Department of Business and Professional Regulation establishing that Gusi's qualifying agent, Richard Larsen, had been a licensed general contractor in Florida since 1983, but that he was not a qualifying agent for Gusi until sometime after the signing of the contract.[2] On April 24, 1998, the trial court entered a temporary injunction staying the arbitration. On April 27, it entered an order dissolving the injunction.[3]
The parties then presented a complex dispute to the arbitrators. The record of this proceeding is very large. After taking the matter under advisement, the arbitration panel issued a written award in June. The award denied all of Poole's counterclaims and awarded Gusi more than $700,000. The precise basis for this award is not explained by the arbitrators, but it appears likely that they awarded Gusi most of the money due for the work it performed under the contract without awarding damages beyond the terms of the contract.
While the arbitration was pending, Poole sued Gusi and other defendants in circuit court in Dade County. The Dade County complaint, in a nutshell, alleges that Poole was duped into contracting with Gusi because it thought Gusi was another contractor known as Guse Erickson Company. The complaint seeks rescission, restitution and damages from Gusi and the other defendants on theories including fraud, fraud in the inducement, conspiracy, and RICO violations. Poole and Gusi have diametrically opposed positions on whether the legal theories discussed in the Dade County action were, or by necessity must have been, litigated in the arbitration proceeding.
Gusi filed an application for confirmation of the arbitration award in the Hillsborough County action in July. Poole filed an application to vacate the award in the same action a month later. After determining that it had jurisdiction of the matter and that no statutory basis existed to justify an order vacating the award, the trial court entered judgment on the arbitration award. See §§ 682.12.15, Fla. *5 Stat. (1997). Poole then filed this appeal. We address four issues.
First, Poole argues that the circuit court in Hillsborough County was not the proper forum to consider the application for confirmation of the arbitration award. It claims that this motion should have been filed in the pending Dade County action. We disagree. Poole invoked the Hillsborough County Circuit Court's jurisdiction when it filed its action for declaratory relief. Although that action did not expressly describe itself as an application to stay arbitration pursuant to section 682.03(4), Florida Statutes (1997), it is clear that it constituted such an application. Section 682.19, Florida Statutes (1997), explains that once an initial application is filed, all subsequent applications must be made to the court hearing the initial application unless it orders otherwise. Thus, Gusi correctly filed the application to confirm the award in Hillsborough County, which was the only proper venue.[4]
Second, the parties dispute whether the order dissolving the temporary injunction was a final order. We are inclined to believe that the parties overemphasize the importance of this issue,[5] but the order is a classic, nonfinal order. See Fla. R.App. P. 9.130(a)(3)(B). It contains no language of finality. Admittedly, Poole filed the declaratory action primarily to stay the arbitration, and it is not entirely clear what further relief Poole expected after the arbitration commenced. Nevertheless, the order dissolving the injunction did not dismiss the action and did not conclude the work of the circuit court in the pending dispute between the two parties. To the extent that the circuit court's order denying the motion to vacate contains language treating the order dissolving the injunction as a final order, that language is harmless error and is disapproved by this court.
Third, Poole argues that it had no contractual obligation to arbitrate or pay Gusi for work that Gusi performed because Gusi was a business organization without a qualifying agent at the time it signed the subcontracts. See § 489.119, Fla. Stat. (1995). The documents from the Department of Business and Professional Regulation establish that Richard Larsen has held a general contractor's license in Florida since 1983, but that the status of his license had not been changed to reflect that he was a qualifying agent for Gusi until November 1996, at the earliest. Apparently, Gusi was a newly created Florida corporation, but there is no dispute that it was a corporation in good standing at all material times.
Section 489.128, Florida Statutes (1995), entitled "Contracts performed by unlicensed contractors unenforceable," provides:
As a matter of public policy, contracts entered into on or after October 1, 1990, and performed in full or in part by any contractor who fails to obtain or maintain his license in accordance with this part shall be unenforceable in law or in equity. However, in the event the contractor obtains or reinstates his license, the provisions of this section shall no longer apply.
It is Poole's position that because Mr. Larsen was not duly registered as the qualifying agent for Gusi on September 24, 1996, it has no enforceable contract with Gusi for work performed under the subcontracts *6 that were signed on that day. It maintains that Gusi and Mr. Larsen could do nothing after that date that would render performance on the contracts enforceable in arbitration or a court of law.[6] It claims that the last sentence of the statute allows for enforcement of contracts entered into after correction of licensing problems, but not for enforcement of contracts signed under such a cloud.
Section 489.128 is a relatively new statute with little development in the case law. The Third District has held that this statute prevents a homeowner from enforcing a contract against an unlicensed contractor after they joined together to obtain an improper building permit. See Castro v. Sangles, 637 So.2d 989 (Fla. 3d DCA 1994). The First District has held that a court should not compel arbitration prior to determining that the relevant contractor held a valid license. See Island House Developers v. Amac Constr., Inc., 686 So.2d 1377 (Fla. 1st DCA 1997). The legislative history suggests that the statute is intended to address the problems that consumers and the public face due to shoddy work by unlicensed, unqualified contractors. We have considerable doubt that the legislature intended this statute to be used by a general contractor on a government contract to avoid payment by the general contractor for work actually performed by a subcontractor on a public works project. Typically, it is the general contractor's responsibility under a contract with the owner to assure that subcontractors are validly licensed before they start the work. Poole's interpretation of the statute would actually encourage general contractors to select subcontractors with licensing difficulties. Nothing alleged by Poole convinces us that this public works contract should be treated as an unenforceable illegal contract because of the delay in registering Mr. Larsen with the state as the qualifying agent for Gusi, or that Gusi's only remedy should be limited to quantum meruit as a matter of public policy.
The issue before the trial court was whether the status of Mr. Larsen's license as a long-standing licensed general contractor in Florida was such that the arbitration award in favor of Gusi must be vacated under section 682.13(1)(e), Florida Statutes (1997) (providing an award may be vacated if there is no agreement or provision for arbitration). We hold that the trial court did not err in refusing to vacate the arbitrator's award based on the allegations made by Poole in its applications in this case.
Finally, the parties brief at length the issue of whether the matters pending in Dade County were actually arbitrated or were required to be included within the arbitration proceeding. The trial court's order denying the motion to vacate contains language suggesting that it believed the matters had been arbitrated. We conclude that this language is surplusage. If these matters were arbitrated or were required to have been arbitrated in April 1998, then Gusi has basically won the war and gets to keep the $700,000 award without further litigation. If these matters were not arbitrated, then Gusi receives the $700,000 and must fight another battle in Dade County. Neither scenario presents circumstances that would require the trial court to vacate the award. Although the fact that Gusi won the arbitration and Poole lost may not bode well for Poole's lawsuit in Dade County, it is for that circuit court to decide what preclusive effect, if any, the award has upon the matters pending before it.
Affirmed.
FULMER, J., and PELLECCHIA, DONALD E., Associate Judge, Concur.
NOTES
[1] The arbitration clause stated that Poole and Gusi would arbitrate "all other disputes" not governed by two other clauses in the contract. See Primeco Personal Communications v. Commonwealth Distributors, Inc., 740 So.2d 585 (Fla. 3d DCA 1999) (involving broad arbitration clause). It is undisputed that this dispute was not governed by the two other clauses. The arbitration clause does not attempt to limit arbitration to claims "arising under" or "arising out of or relating to" the subject work. See Royal Caribbean Cruises, Ltd. v. Universal Employment Agency, 664 So.2d 1107 (Fla. 3d DCA 1995) (involving an "arising out of or relating to" arbitration clause). See generally CSE, Inc. v. Barron, 620 So.2d 808 (Fla. 2d DCA 1993) (discussing differing scopes of arbitration clauses).
[2] The self-authenticating document showed that Richard Larsen did not become the qualifying agent for Gusi Erickson Company until November 26, 1996. This document also showed that Mr. Larsen did not become a qualifying agent for Gusi Erickson Construction Company, Inc., until April 4, 1997. Poole alleges in its complaint for declaratory relief that the subcontracts were executed on or about September 26, 1996.
[3] Poole appealed the order dissolving the temporary injunction as an appealable nonfinal order. See Fla. R.App. P 9.130(a)(3)(B). After the arbitration was concluded, that appeal was voluntarily dismissed. Thus, the merits of the order dissolving the temporary injunction have not previously been reviewed on appeal.
[4] Poole's argument also seems inconsistent with its decision to file an application to vacate the award in the Hillsborough County action.
[5] From our perspective, the fact that this order was nonfinal allowed the circuit court file to remain open, saving Gusi and Poole filing fees when they filed their respective applications addressing the award. A sentence in this nonfinal order discussing section 489.128, Florida Statutes (1995), was merely included to disclose the trial judge's reasoning in dissolving the injunction; it created no law of the case or collateral estoppel between these parties.
[6] We note that Poole apparently expects the owner, i.e., Hillsborough County, to pay for this work under the owner's contract and then expects to keep the money for itself.