935 So.2d 1231 (2006)
David GREEN and Deronda Green, Appellants,
v.
APAC-FLORIDA, INC., a foreign corporation, Appellee.
No. 2D05-1569.
District Court of Appeal of Florida, Second District.
August 11, 2006.
Culmo & Culmo, P.A., Coral Gables, and Kimberly L. Boldt of Boldt Law Firm, Boca Raton, for Appellants.
Valeria Hendricks of Davis & Harmon, P.A., Tampa, and Peter P. Murnaghan of Murnaghan & Ferguson, P.A., Tampa, for Appellee.
*1232 LaROSE, Judge.
David and Deronda Green appeal a final summary judgment entered in favor of APAC-Florida, Inc. (APAC). The trial court concluded that APAC was Mr. Green's statutory employer and, thus, immune from suit under the workers' compensation statute. See §§ 440.10, .11, Fla. Stat. (2003). Because genuine issues of material fact remain for trial, we reverse.
Mr. Green was a truck driver for Florida Tank Lines, Inc. (FTL). FTL provides trucking and hauling services. In 2003, it entered into a "Renewable Trucking Agreement" with APAC. Under the agreement, FTL, as an independent contractor, would transport liquid asphalt for APAC. APAC manufactures and sells asphalt. It also performs highway paving jobs. In June 2002, APAC contracted with the Florida Department of Transportation (FDOT) to mill, widen, and resurface a section of a state road in Glades County.
In April 2003, at APAC's direction, FTL dispatched Mr. Green to deliver liquid asphalt to APAC's Okeechobee plant. APAC claims that the liquid asphalt was for use on the FDOT project. According to the Greens, APAC manufactured asphalt for use on the FDOT project as well as for resale from its plant to paving contractors and others.
Mr. Green picked up a load of liquid asphalt from APAC's Tampa supplier. He received a bill of lading that referenced the FDOT project. He hauled the liquid asphalt to APAC's Okeechobee plant for off-loading into storage tanks. Thereafter, APAC would use the liquid asphalt in its manufacturing process to produce a final asphalt product meeting FDOT specifications. Because it did not have suitable equipment, FTL did not haul the final asphalt product to the FDOT job site. *1233 APAC contracted other haulers for that service.
In the course of off-loading the liquid asphalt, Mr. Green was injured. Subsequently, he and his wife sued APAC. APAC moved for entry of summary judgment. Claiming to be Mr. Green's statutory employer, APAC argued that it was entitled to workers' compensation immunity.
Under the workers' compensation statute, an employer "shall be liable for, and shall secure, the payment" of benefits prescribed under the statute. § 440.10(1)(a). Similarly, "[i]n case a contractor sublets any part or parts of his or her contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business... and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees ...." § 440.10(1)(b). By providing workers' compensation benefits to injured workers, the employer, except as otherwise provided by the workers' compensation statute, avoids tort liability. Indeed, "[t]he liability of an employer ... shall be exclusive and in place of all other liability, including vicarious liability, of such employer to any third-party tortfeasor and to the employee. . . ." § 440.11(1).
A statutory employer immune from suit is a contractor who "sublets any part or parts of his or her contract work to a subcontractor or subcontractors." § 440.10(1)(b). Accordingly, before a party may be characterized as a statutory employer, "there must be a contractual obligation on the part of the contractor, a portion of which he sublets to another." Cork v. Gable, 340 So.2d 487, 489 (Fla. 2d DCA 1976). APAC's contract with FDOT did not require APAC to manufacture the specific asphalt used on the road project. Yet, APAC was obligated to resurface the road in accordance with FDOT specifications. Implicit in that obligation was APAC's duty to provide the necessary asphalt; it chose to manufacture the product itself and deliver it to the jobsite.
The Greens opposed APAC's summary judgment motion. They argued that factual issues precluded a conclusion that APAC was Mr. Green's statutory employer. The trial court rejected this argument and concluded that a contractual obligation between APAC and FDOT was "passed on to [FTL]," Mr. Green's direct employer.
As the summary judgment movant, APAC must show conclusively the absence of any genuine issue of material fact. Bruno v. Destiny Transp., Inc., 921 So.2d 836, 839 (Fla. 2d DCA 2006) (citing Moore v. Morris, 475 So.2d 666, 668 (Fla.1985)); In re Githens, 928 So.2d 1272, 1274 (Fla. 2d DCA 2006). Our review is de novo. We view every possible inference in favor of the Greens. Githens, 928 So.2d at 1274. The record compels us to conclude that genuine issues of material fact remain as to whether APAC was Mr. Green's statutory employer. APAC has not demonstrated conclusively what contractual obligation it had with FDOT that it delegated to FTL. See Derogatis v. Fawcett Memorial Hosp., 892 So.2d 1079, 1083 (Fla. 2d DCA 2004) (holding contractor required to show that it incurred contractual obligation to third party, part of which obligation it delegated or sublet to subcontractor whose employee was injured); Cork, 340 So.2d at 489 (holding that merely incidental obligation to perform work did not constitute the necessary contractual obligation for workers' compensation immunity).
The record reflects that FTL did not deliver a final product to the FDOT jobsite. It delivered a component to APAC's *1234 plant for further processing by APAC. The final asphalt product was delivered to the job site by others. The record also reflects a dispute as to whether APAC sold asphalt for its own account during the relevant period. Based on the record before us, the genuine issues of material fact remaining for trial include a determination of the nature and scope of any contractual obligation that APAC sublet to FTL, whether and the extent to which APAC's Okeechobee plant was used as a storage facility for the FDOT project, and whether APAC was manufacturing asphalt for customers other than FDOT. See Cuero v. Ryland Group, Inc., 849 So.2d 326, 328-29 (Fla. 2d DCA 2003) (finding developer had no contract, any portion of which it delegated, within meaning of workers' compensation statute). At its core, the central factual dispute is whether there was a sufficient nexus between FTL's services for APAC and the FDOT project to support a finding that APAC was Mr. Green's statutory employer. Given these unresolved issues, we reverse the trial court's grant of final summary judgment to APAC. Bruno, 921 So.2d at 840; Githens, 928 So.2d at 1275; see also Smalley Transp. Co. v. Marks, Gray, Conroy & Gibbs, 649 So.2d 257, 259-60 (Fla. 1st DCA 1994).
Reversed.
WHATLEY and SILBERMAN, JJ., Concur.