PER CURIAM.
After being convicted at trial of aggravated fleeing and eluding, Bruce McCray filed a facially sufficient rule 3.850 postcon-viction motion and an evidentiary hearing was held. Following that hearing, the trial court denied relief. We affirm.
Under the standard enunciated in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to prevail on a claim that counsel provided constitutionally ineffective assistance, a defendant must demonstrate specific acts or omissions of counsel that are “so serious that counsel was not functioning as the single ‘counsel’ guaranteed defendant by the Sixth Amendment.” Further, the defendant must demonstrate prejudice by showing “that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694, 104 S.Ct. 2052. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
Having carefully reviewed the record, we find the trial court applied the correct rule of law and that competent substantial evidence exists to support the conclusions reached by the court. Accordingly, we affirm the denial of Mr. McCray’s motion for postconviction relief.
AFFIRMED.
PLEUS, C.J., ORFINGER and MONACO, JJ., concur.