PER CURIAM.
 

 Central Florida Lumber Unlimited, Inc. (“Central Florida Lumber”), defendant below, seeks review of the trial court’s order which clarified its basis for denying Central Florida Lumber’s motion for summary judgment. The trial court determined
 
 *768
 
 that Central Florida Lumber was not entitled to workers’ compensation immunity in this action for negligence and intentional misconduct arising from workplace injuries sustained by employees of its subcontractor. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v) (providing for review of nonfinal orders determining “that, as a matter of law, a party is not entitled to workers’ compensation immunity”). Central Florida Lumber argues that the trial court erred in determining that, because it was unlicensed, it was not entitled to workers’ compensation immunity. We agree and reverse.
 

 Facts
 

 This case arises out of the construction of a roof truss system at a new building known as the City of Lake Mary Facilities Building in Seminole County.
 
 [1]
 
 The general contractor that the City chose to construct the building was Doug Ross Construction Services, Inc. (“Doug Ross”). Doug Ross entered into a subcontract for the roof truss work with Central Florida Lumber. Central Florida Lumber, in turn, subcontracted the truss-related work to ICC General Contractors (“ICC”). Plaintiffs Eid Qaqish and Gordon Pardus were employees of ICC who were injured on the job when the trusses collapsed due to the absence of temporary braces. Qaqish and Pardus received workers’ compensation benefits for the accident.
 

 Qaqish and Pardus and Qaqish’s wife, Stacy, (together “the Plaintiffs”) filed a complaint alleging negligence and intentional conduct against Central Florida Lumber. The Plaintiffs also included causes of action against Doug Ross, the architect, the structural engineer, and the manufacturer of the trusses for damages resulting from the accident. The complaint alleged that Central Florida Lumber acted in the capacity of a
 
 contractor, even
 
 though it did not have a contractor’s license, and alleged that the contracts between Central Florida Lumber and Doug Ross and ICC were therefore unenforceable under section 489.128, Florida Statutes (1999). The complaint also alleged that the contracts were unenforceable because Doug Ross and Central Florida Lumber engaged in intentional torts that were “substantially certain to cause injury or death to others.” The complaint alleged that because the contracts were unenforceable on these two bases, there was no workers’ compensation “statutory employer” relationship between Doug Ross and the Plaintiffs. Thus, the complaint alleged that neither Doug Ross nor Central Florida Lumber could assert the defense of workers’ compensation immunity.
 

 Doug Ross and Central Florida Lumber asserted the affirmative defense of workers’ compensation immunity nonetheless, and Doug Ross filed a motion for summary judgment on the issue. Central Florida Lumber joined in the motion. In opposition, the Plaintiffs filed certifications regarding the licensing status of Doug Ross, Central Florida Lumber, and ICC. Judge Gregory P. Holder granted the motion as to Doug Ross, finding that (1) “even assuming that [Doug Ross] was not properly licensed at the time they entered into the construction contract,” Doug Ross was protected by workers’ compensation immunity, and (2) the intentional tort exception to statutory immunity did not apply. The appendices before this court do not contain an order ruling on Central Florida Lumber’s motion for summary judgment.
 

 
 *769
 
 In June 2006, Central Florida Lumber filed another motion for summary judgment on the workers’ compensation immunity issue. Central Florida Lumber raised the same argument in support of its motion that Doug Ross had raised in its motion. Judge James D. Arnold rendered an order summarily denying Central Florida Lumber’s motion for summary judgment on October 17, 2006. Central Florida Lumber moved for rehearing, arguing that Judge Arnold was not authorized to overturn Judge Holder’s previous ruling in response to Doug Ross’s motion. Judge Arnold denied Central Florida Lumber’s motion for rehearing without a hearing.
 

 On February 19, 2008, Judge Arnold entered the order on review clarifying his earlier order. Judge Arnold clarified that because Doug Ross, Central Florida Lumber, and ICC were not properly licensed under chapter 489, Central Florida Lumber was not entitled to workers’ compensation immunity. Judge Arnold rejected Central Florida Lumber’s arguments regarding the effect of Judge Holder’s previous ruling on Doug Ross’s motion.
 

 On appeal, Central Florida Lumber argues that Judge Arnold erred in determining that Central Florida Lumber was not entitled to workers’ compensation immunity because it was unlicensed. Central Florida Lumber argues that chapter 489 cannot be applied to void the contract so as to preclude workers’ compensation immunity. Central Florida Lumber also argues that Judge Arnold was precluded from revisiting Judge Holder’s holding that workers’ compensation immunity was not affected by a contractor’s status as unlicensed under section 489.128.
 

 Worker’s Compensation Law Background
 

 Section 440.10(l)(a), Florida Statutes (1999), provides that employers under that chapter must provide payment of workers’ compensation for the provision of services under that chapter. This liability is “exclusive and in place of all other liability of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death.” § 440.11(1). Accordingly, employers who provide workers’ compensation benefits in compliance with chapter 440 are immune from tort liability.
 
 Green v. AJPAC-Flori-da, Inc.,
 
 935 So.2d 1231, 1233 (Fla. 2d DCA2006).
 

 If a contractor subcontracts part of his work, then the employees of both the contractor and subcontractor are “deemed to be employed in one and the same business or establishment” and the contractor is liable for payment of workers’ compensation to those employees. § 440.10(l)(b). Thus, if a contractor subcontracts part of its obligation under the contract, it is a “statutory employer,” and both the contractor and the subcontractor are entitled to workers’ compensation immunity under section 440.11(1).
 
 Green,
 
 935 So.2d at 1233. “Accordingly, before a party may be characterized as a statutory employer, ‘there must be a contractual obligation on the part of the contractor, a portion of which he sublets to another.’ ”
 
 Id.
 
 (quoting
 
 Cork v. Gable,
 
 340 So.2d 487, 489 (Fla. 2d DCA 1976)). It is undisputed that absent any allegations that the contracts in this case were invalid, Doug Ross and Central Florida Lumber would be statutory employers and both Doug Ross and Central Florida Lumber would be entitled to workers’ compensation immunity under section 440.11(1).
 

 The issue on appeal is whether Judge Arnold erred in determining that because Doug Ross, Central Florida Lumber, and ICC were not properly licensed under
 
 *770
 
 chapter 489, Central Florida Lumber was not entitled to workers’ compensation immunity. Central Florida Lumber suggests three reasons Judge Arnold’s ruling is erroneous: (1) section 489.128, which renders a contract unenforceable because the contractor is unlicensed, cannot be applied to void the contract so as to preclude workers’ compensation immunity under section 440.11(1); (2) section 489.127(l)(f), which criminalizes contracting without a certificate of authority, cannot be applied to void the contract so as to preclude workers’ compensation immunity under section 440.11(1); and (3) the doctrines of res judicata and collateral estoppel prohibit Judge Arnold from revisiting Judge Holder’s earlier ruling on the issue.
 

 Chapter k-89
 

 A. Section 489.128
 

 Section 489.128, Florida Statutes (1999), provides that contracts performed by an unlicensed contractor are “unenforceable in law or in equity.” In 2003, the statute was amended to clarify that the contract was “unenforceable in law or in equity
 
 by the unlicensed contractor”
 
 and does not affect the rights of other parties to enforce the contract. § 489.128(1) (emphasis added), (3). This amendment was intended to apply retroactively. Ch. 2003-257, § 8, at 898, Laws of Fla. Section 489.128 was passed to aid homeowners who have hired unlicensed contractors who performed substandard work.
 
 See Poole & Kent Co. v. Gusi Erickson Const. Co.,
 
 759 So.2d 2, 6 (Fla. 2d DCA 1999). Section 489.128 operates to preclude the unlicensed contractor from enforcing the contract without consequence to the homeowner.
 
 Id.
 

 There is no dispute that the evidence produced at the summary judgment hearing in this case established that Central Florida Lumber, Doug Ross, and ICC were unlicensed contractors under section 489.128.
 
 [2]
 
 The Plaintiffs argue that under section 489.128, Central Florida Lumber cannot enforce Doug Ross’s duty to pay for the truss work or ICC’s obligation to perform the truss work. The Plaintiffs argue that Central Florida Lumber therefore cannot enforce the subcontract agreements to create the statutory employer relationship that is necessary for workers’ compensation immunity.
 

 We reject the Plaintiffs’ argument that section 489.128 operates to somehow extinguish the statutory employer relationship. In order for Doug Ross and Central Florida Lumber to become statutory employers, they must each subcontract part of their obligation under the contract. § 440.10(l)(b). While Doug Ross and Central Florida Lumber’s unlicensed status may deprive them of their ability to enforce the provisions of the contract under section 489.128, it does not extinguish the contractor/subcontractor relationship or otherwise affect the application of chapter 440. Simply put, a contractor’s status as a statutory employer arises from the application of section 440.10(l)(b) and is not a right that arises from the terms of the contract. Thus, the issue of whether the contractor is precluded from enforcing the contract has no bearing on the issue of whether the contractor is a statutory employer under chapter 440.
 

 B. Section 489.127(l)(f)
 

 Section 489.127(l)(f), Florida Statutes (1999), makes it a first-degree misdemean-
 
 *771
 
 or to engage in business as a contractor without a license. Contracts entered into by an unlicensed contractor have been declared illegal or void because they violate section 489.127.
 
 See RTM Gen. Contractors, Inc. v. G/W Riverwalk, LLC,
 
 893 So.2d 583, 585 (Fla. 2d DCA 2004);
 
 R.A.M. of S. Fla., Inc. v. WCI Cmtys., Inc.,
 
 869 So.2d 1210, 1219 n. 3 (Fla. 2d DCA 2004). The Plaintiffs argue that, being void, Central Florida Lumber’s subcontract agreements did not create the contractual obligations required for Central Florida Lumber to be a statutory employer under section 440.10. We note that we do not find this argument anywhere in the appendices before this court, and we question whether it is preserved for review. Regardless, for the same reasons that the operation of section 489.128 does not preclude the application of workers’ compensation immunity, the operation of section 489.127 does not. That is, while Central Florida Lumber’s unlicensed status may render its contracts illegal, the contracts are only illegal if the unlicensed contractor is attempting to enforce them. The fact that the contractor acted in violation of section 489.127 does not extinguish the contractor/subcontractor relationship that provides for the application of workers’ compensation immunity.
 

 The Effect of Judge Holder’s Ruling
 

 Central Florida Lumber argues that the doctrines of res judicata and collateral es-toppel prohibit Judge Arnold from revisiting Judge Holder’s earlier ruling on the issue of the effect of chapter 489 on an unlicensed contractor’s workers’ compensation immunity. Our determination that chapter 489 does not affect Central Florida Lumber’s workers’ compensation immunity renders this argument moot because our holding is consistent with Judge Holder’s previous holding on the issue.
 

 Conclusion
 

 We conclude that because workers’ compensation immunity arises from a statute and is not a contractual right, the operation of section 489.128(1) would not affect that right. Therefore, the trial court erred in denying Central Florida Lumber’s motion for summary judgment on the basis that Central Florida Lumber was not entitled to workers’ compensation immunity because it was unlicensed. We reverse the order denying Central Florida Lumber’s motion for summary judgment and remand for further proceedings.
 

 Reversed and remanded.
 

 FULMER
 
 [3]
 
 and WHATLEY, JJ„ and WILLIAMS, CHARLES E., Associate Judge, Concur.
 

 [1]
 

 . Central Florida Lumber is a Florida Corporation with its principal place of business located in Hillsborough County, Florida. Thus, the underlying suit was filed in Hills-borough County.
 

 [2]
 

 .
 
 Central Florida Lumber argued at the hearing on its motion to clarify that there was evidence that ICC was actually licensed at the time the causes of action arose in this case. However, Judge Arnold refused to consider any new evidence at that time, and this issue is moot based on our holding that section 489.128 does not affect a contractor's entitlement to workers’ compensation immunity.