PER CURIAM.
This cause is before us on appeal from a nonfinal order. Appellant brings this appeal under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v) and contends that the trial court erred in denying his motion to dismiss and compel arbitration.
Appellant is the owner of two units at Amelia Retreat, a condominium development on Amelia Island in Nassau County, Florida. The “Declaration of Condominium of Amelia Retreat” (the declaration) requires that unit owners who wish to sell or lease their units for more than one year must first give written notice to the condominium’s board of directors, who must then approve the sale or lease. The declaration also provides that members must arbitrate any controversy arising from the construction of or compliance with any provision of the declaration. The declaration cannot be amended except by super-majority vote.
The members of the condominium association did not amend the declaration but did amend the bylaws of the condominium association to prohibit unit owners from entering into leases of their units for periods of less than 30 days. Appellant disputed the validity of the amendment to the bylaws, contending that it was invalid as inconsistent with the declaration.
Appellee condominium association brought suit for declaratory judgment as to the validity of the amendment. Appellant moved to dismiss the complaint, contending that determining the validity of the amendment would require construction of the declaration. The trial court denied the motion, and this appeal followed.
A trial court’s role when considering applications to compel arbitration under section 682.03, Florida Statutes, is limited to determining (1) whether a valid written agreement exists containing an arbitration clause, (2) whether an arbitrable issue exists, and (3) whether the right to arbitrate has been waived. Piercy v. School Board of Washington County, 576 So.2d 806, 807 (Fla. 1st DCA 1991); Manalili v. Commercial Mowing and Grading, 442 So.2d 411, 413 (Fla. 2d DCA 1983). Any doubt should be resolved in favor of arbitration. Ronbeck Construction Company v. Savanna Club Corporation, 592 So.2d 344, 346 (Fla. 4th DCA 1992).
The trial court, in passing on the amendment to the bylaws, would necessarily have to construe the declaration to determine whether that document impliedly permits unit owners to enter into short-term leases. Accordingly, the claim raised in appellee’s suit for declaratory judgment was arbitra-ble, and the trial court erred in denying arbitration.
We reject appellee’s argument that the absence of a transcript of the hearing on the motion below compels affirmance. *1294 The only issue was whether passing on the validity of the amendment would require the construction of any provision of the declaration. This issue was purely legal and could have been resolved by reference to the complaint, supporting documents, and motion to dismiss/compel arbitration. Ronbeck at 348.
The order appealed from is reversed, and this cause is remanded for proceedings consistent herewith.
BOOTH, SMITH and ALLEN, JJ., concur.