617 So.2d 463 (1993)
ALPHAGRAPHICS FRANCHISING, INC., a foreign corporation, Alphagraphics, Inc., a foreign corporation, Rodger G. Ford, individually, and Michael Coffee, individually, Appellants,
v.
John G. STEBBINS, individually, John G. Stebbins, Inc., a Florida corporation, and George J. O'Rourke, individually, and Andrea O'Rourke, individually, Appellees.
No. 92-2874.
District Court of Appeal of Florida, Fourth District.
May 5, 1993.
*464 Marc P. Seidler, John F. Verhey, and Peter G. Hallam, Rudnick & Wolfe, Chicago, IL, and Karen M. Buesing of Rudnick & Wolfe, Tampa, for appellants.
David S. Bowman, Taylor, Brion, Buker & Greene, Fort Lauderdale, for appellees John G. Stebbins and John G. Stebbins, Inc.
PER CURIAM.
We affirm the order of the trial court staying arbitration. We believe an order staying arbitration is an order determining the entitlement of a party to arbitration.
As to the merits, the appellee had challenged the arbitration clause itself, claiming it was void or voidable under Florida law. That issue is not subject to arbitration but must be heard by the trial court before arbitration can proceed. See Merrill Lynch Pierce Fenner & Smith, Inc. v. Melamed, 425 So.2d 127 (Fla. 4th DCA 1982), petition for review denied, 433 So.2d 519 (Fla. 1983); Wick v. Atlantic Marine, Inc., 605 F.2d 166 (5th Cir.1979). Therefore, there was no error in staying arbitration until this preliminary matter is resolved.
STONE and WARNER, JJ., concur.
FARMER, J., dissenting with opinion.
FARMER, Judge, dissenting.
I do not think we have jurisdiction to review this nonfinal appeal of an order staying arbitration in deference to a pending civil action.[1] Rule 9.130(a)(3)(C)(v), Florida Rules of Appellate Procedure,[2] allows *465 review of pretrial orders that merely determine entitlement to arbitration. This order hardly has that effect; instead it merely purports to grant a stay of the arbitration process in favor of the pending civil action. Hence, I do not find jurisdiction under the pre-1993 text of rule 9.130(a)(3)(C)(v) to review this order as a matter of right.
I have jurisprudential reservations against loose constructions of interlocutory appellate jurisdictional provisions  even if, as here, such a construction would allow immediate review of a class of orders that should be so reviewed. Given the strong public policy against piecemeal review, I do not think we should construe the several provisions of rule 9.130(a)(3), contrary to their actual text, literally read, to enlarge the universe of orders subject to nonfinal review. Rather, rule 9.130(a)(3) should be narrowly enforced as written to limit review to only those orders specifically described.
This absence in Florida of review as a matter of right of a nonfinal order staying arbitration in favor of pending litigation creates an anomaly with the federal system. In this case, as we shall see, the substantive dispute between the parties is probably covered by federal law, namely the United States Arbitration Act, 9 U.S.C. sections 1-16 (1990) [USAA]. USAA section 16 allows interlocutory appeals of orders refusing a stay of an action in favor of arbitration, denying an application to order arbitration to proceed, and denying a petition to compel arbitration. See USAA, § 16(a)(1)(A), (B), and (C). Although USAA creates a federal substantive right to arbitration, the Act itself contains no stipulation providing for jurisdiction in a federal district court. USAA thus depends almost entirely on state courts for vindication of the federal right.[3]
At the same time, USAA section 16(a) embodies a conscious federal decision to allow immediate review as a matter of right of nonfinal orders refusing to allow or require arbitration to proceed. In contrast, USAA section 16(b) evidences the converse policy not to allow appellate review of nonfinal orders in favor of allowing or requiring arbitration to go forward and to displace any civil action.[4] USAA section 16(a), however, creates appellate jurisdiction only in federal courts; it has no similar effect on the state courts, even though they happen to be the forum chosen by Congress for the primary enforcement of the federal arbitration right.[5]
Even assuming that Florida may not be obligated to create a state forum for the vindication of purely federal rights, I have serious doubts that Florida can deliberately close the doors of its courts to claims of right predicated on federal law.[6] Particularly *466 in light of the right/forum anomaly in this situation, as well as the obligation of Florida state judges to enforce the supreme law of the land,[7] I think Florida should amend rule 9.130(a)(3)(C)(v) to mirror USAA section 16(a).[8] As of now, however, we have not done so, and thus I am constrained to find that there is no appellate jurisdiction as a matter of right to review this order, which is effectually against the right to arbitrate.
Treating the papers as a petition for certiorari, however, I think we must grant such extraordinary review. The agreement in this case is between a Florida resident and an Arizona corporation and contains numerous duties of performance by the parties in both Florida and Arizona. USAA section 2 provides:
A written provision in any * * * contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, * * * shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
USAA section 1 so defines "commerce" as to include commercial dealings between citizens of different states. Hence, it appears that USAA probably covers this agreement, unless the parties expressly excluded USAA by clear agreement, which I have doubts about.[9] Under these circumstances, the arbitration agreement is probably covered by USAA.
The Florida lawsuit was brought by the franchisee. In substance, it alleges fraudulent inducement of both the franchise agreement and the arbitration clause through the use of misrepresentations as *467 to the profitability and growth potential of the business, and as to the failure rate of the franchisor's stores. It seeks damages for fraud, breach of fiduciary relationship, violation of the Florida unfair business practices law,[10] the Florida Sale of Business Opportunities Act,[11] for violation of the Florida statute relating to misrepresentations in the sale of franchises,[12] and for civil conspiracy. It also seeks to relieve the franchisee of duties of performance under the agreement on theories of unconscionability, breach of agreement, and waiver.
The franchisor responded to the lawsuit with an immediate demand for arbitration, which plaintiff refused. It next sought to have the Florida circuit court stay the action pending arbitration, but that application was denied. The franchisor then filed an action in the United States District Court in Tucson seeking an order compelling arbitration, and that court scheduled a hearing on the arbitration issue for October 1992. The franchisee, not being content to await that hearing, however, filed a motion in the Florida circuit court for a stay of the arbitration. After a hearing on September 1st, the circuit judge entered the order involved here.
To determine the propriety of the stay of arbitration, it is necessary to analyze the precise text of the agreement itself, as well as the applicable law. The arbitration clause provides:
All disputes, claims and questions regarding the rights and obligations of Franchisor and Franchisee under the terms of this Agreement, except disputes arising as a result of the field representative's inspection (Section Fifteen) are subject to arbitration. Either party may demand arbitration by filing a written demand with the other party within thirty days (30) after the dispute arises. Arbitration shall be con-ducted in accordance with the rules of the American Arbitration Association.
An analysis of the claims in suit demonstrates that most  if not all  are unavoidably covered by the arbitration clause.
USAA is a "congressional declaration of a liberal federal policy favoring arbitration, notwithstanding any state substantive or procedural policies to the contrary," requiring that all doubts be resolved in favor of arbitration rather than against it. Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 924, 74 L.Ed.2d 765, 785 (1983). Manifestly, the claims for breach of the agreement or breach of fiduciary duties are well within the language of the clause. The fraud in the inducement claim as to the entire agreement is covered by the clause and must be arbitrated under USAA. Prima Paint Corp. v. Flood & Conklin Mfg. Corp., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967).[13] The alleged violations of the Florida franchise protection law are similarly required by USAA to be arbitrated. See Southland Corp. v. Keating, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984) (claims under California franchise protection law, which requires judicial resolution rather than arbitration, are preempted and covered by USAA). If the alleged franchise law violations must be submitted to agreed arbitration, there seems little basis to distinguish them from the other statutory claims, which are substantively much alike.[14]
If an agreement to arbitrate covered by USAA extends to some claims in suit, under *468 the Act a court does not have discretion to deny a motion to stay the civil action pending the arbitration; the court is required to direct the parties to proceed to arbitration. See USAA, § 3 ("the court * * * shall * * * stay the trial of the action until such arbitration has been had" [e.s.]); see also Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985).
The franchisee's primary argument against arbitration and thus in favor of allowing the lawsuit to go forward is that he and his business cannot afford both to litigate in Florida and arbitrate in Arizona. But that is no basis to stay arbitration in favor of litigation. If anything, it underscores the primacy of the arbitration process, which is supposed to be speedier and less expensive than fullblown litigation. In view of the pendency in the federal district court of the proceedings to determine the existence and scope of the arbitration remedy, the circuit court in Florida should have stayed its hand and allowed the parties to thrash that subject out in Tucson.
I think we are obligated to grant the writ, vacate the stay order and direct the judge to abate the action pending the outcome of the federal district court proceedings to determine if arbitration is required, and if the federal court should so determine then until the completion of the arbitration.
NOTES
[1] I note that the order sought to be reviewed was not the trial court's first expression on the subject of stays in connection with arbitration. Earlier in the case, in April 1992 to be exact, appellant (the defendant) moved to stay the action pending arbitration, which resulted in a June 1992 order merely denying the motion. There was no appeal from that order. Later, appellee (the plaintiff) moved to stay the arbitration so as to allow the civil action to go forward. It is the trial court's September 1, 1992, order granting that relief which appellant now asks us to review under rule 9.130.
[2] Before this year, rule 9.130(a)(3)(C)(v), Florida Rules of Appellate Procedure, provided that an appeal may be taken of a nonfinal order which determines "whether a party is entitled to arbitration." Effective January 1, 1993, however, this particular subdivision was amended to read "the entitlement of a party to arbitration." The 1992 Committee Note is silent as to the intent of the committee in making this change in text. One way of reading the new text is that only an order entitling a party to arbitration is appealable; another, equally plausible, is that the text allows the same rights as the former text did  i.e., a party may appeal any order that determines whether a party is entitled to arbitration. If the new text is properly construed to limit interlocutory appeals to only those orders that determine that a party is entitled to arbitration, this Florida change places Florida completely at odds with the federal appellate provision on arbitration orders and is a very good reason to promptly undo what the committee has lately done. See nn. 4-9, supra, and accompanying text.

Two reasons argue against the broader interpretation. The first is that, as I suggest later in this opinion, nonfinal review being what it is, the provisions allowing for it should be construed narrowly. Secondly, if the drafters intended no real change in meaning, then why change the text at all  especially without an explanatory note.
In any case, I doubt that the new rule applies. As this appeal was filed before the effective date of the change, I have considered this case under the older version of rule 9.130(a)(3)(C)(v). Under that text, I do not believe that an order merely granting a stay determines whether a party is entitled to arbitration.
[3] As Justice Brennan explained:

[USAA] is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 (1976 ed., Supp. V) or otherwise. * * * [H]ence, there must be diversity of citizenship or some other independent basis for federal jurisdiction * * *. * * * Nevertheless, although enforcement of [USAA] is left in large part to the state courts, it nevertheless represents federal policy to be vindicated by federal courts where otherwise appropriate.
Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 25, n. 32, 103 S.Ct. 927, 942, 74 L.Ed.2d 765, 786 (1983).
[4] See 9 U.S.C. § 16(b) (1990), which provides:

(b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order 
(1) granting a stay of any action under section 3 of this title;
(2) directing arbitration to proceed under section 4 of this title;
(3) compelling arbitration under section 206 of this title; or
(4) refusing to enjoin an arbitration that is subject to this title.
[5] But see A.G. Edwards & Sons Inc., v. Clark, 558 So.2d 358 (Ala. 1990) (adoption by Congress of what is now USAA § 16(a) created right of appeal in Alabama state court to review interlocutory order denying right to arbitrate).
[6] In Howlett v. Rose, 496 U.S. 356, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990) (refusal of Florida courts to entertain claims arising under 42 U.S.C. § 1983 on sovereign immunity grounds violated supremacy clause), the court confirmed the principle that, while a state may not be compelled to furnish a forum that does not otherwise exist to vindicate a claim of right having its source in federal law, a state may not simply close the doors of its courts, otherwise having general jurisdiction suitable to the purpose, to such claims. See, e.g., Testa v. Katt, 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967 (1947) (Rhode Island barred from declining jurisdiction over federal emergency price control claims); McKnett v. St. Louis & San Francisco R. Co., 292 U.S. 230, 54 S.Ct. 690, 78 L.Ed. 1227 (1934) (same as to FELA claims); and Mondou v. New York, N.H. & H.R. Co., 223 U.S. 1, 32 S.Ct. 169, 56 L.Ed. 327 (1912) (Connecticut could not refuse to exercise jurisdiction over FELA claims otherwise existing in its courts of general jurisdiction simply because claims were too inconvenient and confusing).
[7] See U.S. CONST. art. VI, § 2. ("* * * and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.").
[8] See 9 U.S.C. § 16(a) (1990), which provides:

§ 16. Appeals
(a) An appeal may be taken from 
(1) an order 
(A) refusing a stay of any action under section 3 of this title,
(B) denying a petition under section 4 of this title to order arbitration to proceed,
(C) denying an application under section 206 of this title to compel arbitration,
(D) confirming or denying confirmation of an award or partial award, or
(E) modifying, correcting, or vacating an award;
(2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or
(3) a final decision with respect to an arbitration that is subject to this title.
I think that amended rule 9.130(a)(3)(C)(v) should include all of the kinds of orders described in section 16(a), because even final orders confirming or denying confirmation of arbitration awards should be reviewed in the more summary form of appellate review provided by rule 9.130.
[9] See Volt Information Sciences, Inc., v. Board of Trustees of Leland Stanford Junior University, 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989), which held that the parties to an arbitration agreement in commerce may contract to apply the arbitration laws of a specific state, so long as that state's arbitration laws are not in conflict with USAA. In this case, the parties' agreement has a general choice of law provision saying that it "shall be construed under the laws of the State of Arizona." Although the arbitration clause itself is silent as to any choice of law, that clause did provide that judgment on any arbitration award could be had in any court in Tucson, Arizona, having jurisdiction. This latter wording, of course, includes a federal district court sitting in Tucson. If the general choice of law provision was intended to be an express rejection of USAA in favor of Arizona arbitration law, I think it is incumbent on the proponent of the state law to show that its arbitration law is not inconsistent with USAA. As this franchisee has not even mentioned Arizona law in his brief, I think his omission should be taken either as an abandonment of any reliance on Arizona arbitration law or as an acknowledgment of conflict. In either case, USAA would supply the rule of decision.
[10] See § 501.201 et seq., Fla. Stat. (1991).
[11] See §§ 559.80-559.815, Fla. Stat. (1991).
[12] See § 817.416, Fla. Stat. (1991).
[13] Under Prima Paint, the claim as to fraudulent inducement of the arbitration provision, assuming it properly pleads such a cause of action, must be tried by the judge alone in a summary proceeding. That is to say, the judge cannot stay the arbitration until arbitration vel non is decided; instead the judge must stay the civil action and summarily  i.e. before anything else is done in the case  try the issue as to the fraudulent inducement of the arbitration clause.
[14] See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth Inc., 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985) (antitrust and RICO claims are properly subject to agreement to arbitrate); Shearson/American Express Inc. v. McMahon, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987) (same as to claims under federal securities fraud statutes); and Gilmer v. Interstate/Johnson Lane Corp., ___ U.S. ___, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991) (same as to civil rights claims). As we said in Pierce v. J.W. Charles-Bush Securities Inc., 603 So.2d 625, 628 (Fla. 4th DCA 1992), "[i]f civil rights, antitrust and securities fraud claims are not inappropriate for arbitration, it is very difficult to imagine a civil claim in which an agreement to arbitrate would not be enforced."