686 So.2d 1377 (1997)
ISLAND HOUSE DEVELOPERS, INC., Appellant,
v.
AMAC CONSTRUCTION, INC., Appellee.
No. 96-1251.
District Court of Appeal of Florida, First District.
January 16, 1997.
Brian C. Sanders, Fort Walton Beach, for Appellant.
Douglas J. Centeno, of Schoel, Ogle, Benton and Centeno, Birmingham, AL, for Appellee.
PER CURIAM.
We discuss only one of the issues raised on appeal: whether the trial court abused its discretion[1] in granting Appellee's motion to compel arbitration, based on Appellant's claim of contract unenforceability pursuant to section 489.128, Florida Statutes. We reverse.
Appellant raised below the issue of contract enforceability in light of the question whether Appellee had a valid general contractor's license. See §§ 489.128,[2] 682.02, 682.03, Fla.Stat.; Castro v. Sangles, 637 So.2d 989, 990-91 (Fla. 3d DCA 1994) (holding construction contract unenforceable pursuant to section 489.128 because contractor was unlicensed); Doan v. Amelia Retreat Condominium Assoc., Inc., 604 So.2d 1292, 1293 (Fla. 1st DCA 1992) (trial court's role in *1378 considering motion to compel arbitration, inter alia, to determine whether valid written agreement exists containing arbitration clause). However, the trial court declined to make a finding on whether Appellee was validly licensed for section 489.128 purposes. Because the trial court did not make the above finding, the question of contract enforceability was left unresolved, thereby rendering the motion for arbitration prematurely granted. Accordingly, the trial court abused its discretion in granting Appellee's motion to compel arbitration. Thus, the trial court's arbitration order is reversed, and the case is remanded for proceedings consistent with this opinion.
BOOTH, JOANOS and BENTON, JJ., concur.
NOTES
[1] See Bickerstaff v. Frazier, 232 So.2d 190 (Fla. 1st DCA), cert. dismissed, 238 So.2d 110 (Fla.1970).
[2] Section 489.128 provides that contracts "performed in full or in part by any contractor who fails to obtain or maintain his license in accordance with this part shall be unenforceable in law or in equity. However, in the event the contractor obtains or reinstates his license, the provisions in this section shall no longer apply."