779 So.2d 537 (2000)
RIVERWALK APARTMENTS, L.P. and Affirmative Equities Company, L.P., Appellants,
v.
RTM GENERAL CONTRACTORS, INC., Appellee.
No. 2D00-1118.
District Court of Appeal of Florida, Second District.
December 22, 2000.
*538 Steven L. Brannock and William L. Grant of Holland & Knight LLP, Tampa, for Appellants.
Rosemary Hanna Hayes of Vose Blau & Hayes, P.A., Winter Park, for Appellee.
NORTHCUTT, Acting Chief Judge.
Riverwalk Apartments and Affirmative Equities Company (collectively referred to as Riverwalk) challenge the nonfinal order lifting a stay of arbitration in this lawsuit concerning construction work allegedly performed by an unlicensed contractor, Russell DeVore. We reverse and remand to the circuit court to conduct an evidentiary hearing concerning the existence of the agreements to arbitrate and Riverwalk's claim that the agreements were unenforceable.
Purporting to be the president of RTM General Contractors, Inc., DeVore signed contracts to perform renovations to Riverwalk's apartment complex. RTM was qualified to act as a construction company through a licensed general contractor named Thomas Ault. Riverwalk refused to pay for the work, contending that it was shoddy and incomplete. RTM sued and arbitration proceedings commenced pursuant to arbitration clauses in the contracts.
Thereafter, Riverwalk filed a motion to stay arbitration to allow the circuit court to consider its claim that the contracts were procured by fraud and were unenforceable under section 489.128, Florida Statutes (1997), which provides that contracts with unlicensed contractors are void and unenforceable. Riverwalk proffered evidence suggesting that DeVore was not, in fact, the president of RTM, that the work was performed by DeVore or DeVore d/b/a DeVore & Associates without a license, and that neither RTM nor Ault had anything to do with the project. In short, Riverwalk charged, it was fraudulently induced into believing it was contracting with RTM when, in fact, RTM merely permitted DeVore to use its name and its supposed involvement with the project was a sham. The court described Riverwalk's proffered evidence as significant, and it granted the stay to permit further discovery and an evidentiary hearing on Riverwalk's assertion that the contracts were unenforceable.
Shortly before the evidentiary hearing, RTM filed a motion to lift the stay of arbitration. It argued that the licensing problem had been "cured", and that no further court proceedings were necessary, because RTM recently had filed a fictitious name registration to do business under the name "DeVore & Associates" and Ault had applied to act as qualifying agent for "RTM General Contractors, Inc. d/b/a De-Vore & Associates." The circuit court agreed that these actions cured the licensing defect and lifted the stay of arbitration. This appeal followed.
A party who alleges and offers colorable evidence that a contract containing an arbitration clause is illegal cannot be compelled to arbitrate the threshold issue of the existence of the agreement to arbitrate; only a court can make that determination. See Party Yards, Inc. v. Templeton, 751 So.2d 121 (Fla. 5th DCA 2000); Alphagraphics Franchising, Inc. v. Stebbins, 617 So.2d 463 (Fla. 4th DCA 1993). The issue before us is whether the actions taken by RTM necessarily resolved Riverwalk's challenge to the enforceability of the contracts.
*539 As it did in the circuit court, RTM argues that section 489.128 and our decision in Poole and Kent Co. v. Gusi Erickson Const. Co., 759 So.2d 2 (Fla. 2d DCA 1999), allowed it to cure the licensing problem and render the contracts enforceable. Section 489.128 provides that "as a matter of public policy, contracts entered into on or after October 1, 1990, and performed in full or in part by any contractor who fails to obtain or maintain a license in accordance with this part shall be unenforceable in law or equity." Until recently, the last sentence of the statute stated that "[i]n the event the contractor obtains or reinstates his or her license, the provisions of this section shall no longer apply." In the mentioned case, Poole and Kent, a general contractor, contended that its contracts with subcontractor Gusi Erickson Construction Co. were unenforceable because Gusi Erickson did not have a valid qualifying agent until several months after the subcontracts were signed. Poole and Kent argued that the last sentence of section 489.128 only allowed for the enforcement of contracts entered into after correction of the licensing problems. We did not expressly address that assertion, but noted that "nothing alleged by Poole convinces us that this public works contract should be treated as an unenforceable illegal contract because of the delay in registering Mr. Larsen with the state as the qualifying agent for Gusi...." We held that the trial court did not err in refusing to vacate an arbitration award to Gusi on the basis of the licensing issue.
After the circuit court rendered its decision in this case, the legislature amended section 489.128 to delete the "cure" language. See C.S./S.B. 220, Reg. Sess. (Fla. 2000). The Journal of the Senate published a statement of intent concerning Senate Bill 220:
Statement of Intent
A couple of the provisions in this bill are designed to clarify the unlicensed contract invalidation provisions in section [] 489.128....
Recent court decisions appear to have misapplied those sections and are allowing contracts with unlicensed contractors to be enforced because the unlicensed contractor may obtain a license sometime in the future. That was not intended.
By deleting the last sentence in those sections, this bill makes clear that contracts with unlicensed contractors are unenforceable ... period.
Journal of the Senate, p. 1437 (May 5, 2000). Although the amendment took effect after the instant dispute arose, Riverwalk contends that we may consider it when deciding this case. See Palma Del Mar Condominium Ass'n No. 5 of St. Petersburg, Inc. v. Commercial Laundries of West Florida, Inc., 586 So.2d 315 (Fla. 1991) (holding that courts may consider subsequent legislation to determine the intended result of a previously enacted statute).
Thus, on the one hand RTM urges us to apply Poole and Kent for a proposition that is not expressly set forth in it, while on the other hand Riverwalk urges us to apply the amendment to section 489.128 retroactively. Although both arguments have merit, we need not do either of those things to resolve this case. This is because RTM's fictitious name registration and Ault's filing as qualifying agent for RTM doing business under the fictitious name did nothing to resolve Riverwalk's challenge to the enforceability of the contracts under either version of the statute, or under any interpretation of Poole and Kent. Riverwalk asserts that RTM's supposed involvement in the project was a sham, and that the work was actually performed by an unlicensed contractor. RTM could not cure the alleged deficiency merely by assuming the unlicensed contractor's name. A fictitious name is just thata fiction involving the name of the real party in interest, and nothing more. RTM's subsequent adoption of the same fictitious name as that *540 employed by the contractor simply did not imbue him with a license.
We reverse the order lifting the stay of arbitration and remand for further evidentiary proceedings as to the validity of the agreements.
GREEN and CASANUEVA, JJ., Concur.