800 So.2d 622 (2001)
MICRONAIR, INC., a Florida corporation, Appellant,
v.
CITY OF WINTER HAVEN, a Florida municipal corporation, Appellee.
No. 2D00-5335.
District Court of Appeal of Florida, Second District.
August 24, 2001.
Rehearing Denied October 23, 2001.
*623 H. Leon Holbrook, III, and John R. Stiefel, Jr., of Holbrook, Akel, Cold, Stiefel & Ray, P.A., Jacksonville, for Appellant.
Robert J. Antonello of Antonello, Fegers & Cea, Winter Haven, for Appellee.
PARKER, Acting Chief Judge.
Appellant, Micronair, Inc. (MIC), appeals the trial court's nonfinal order lifting a stay of litigation. This order permits the City of Winter Haven (the City) to proceed with litigation and, by implication, will not permit arbitration on MIC's claims against the City. Because resolution of this case turns entirely on whether MIC was required to hold a contractor's license to perform the work it contracted to perform, and the trial court has not resolved that issue, we are compelled to reverse.
It appears from the limited record before this court that MIC manufactures certain equipment and has patented a process that extracts additional solids from wastewater and treats them in a way that allows the extracted solids to be disposed of in a traditional landfill. This process results in both cleaner treated wastewater and lower costs for disposal of extracted solids. Apparently, MIC contracts with general contractors to install MIC's equipment according to MIC's specifications and plans as to its patented treatment process.
MIC contracted with the City to install its equipment and patented process at one of the City's wastewater treatment plants. MIC contracted with Meadors Construction, a licensed Florida general contractor, to perform the actual work according to MIC's specifications. When the work was completed, the City was unhappy with the results and refused to pay MIC the balance owed under the contract. MIC made a demand for arbitration under the contract between the parties on the issue of the balance due. The City made a counterdemand for arbitration for damages due to the alleged deficiencies in the equipment and the process. A two-week arbitration hearing was scheduled for April 2000 on both the demand and counterdemand.
During preparation for the arbitration hearing, the City discovered that MIC did not hold a Florida contractor's license. The contract required MIC to have all required licenses and permits, and the City took the position that MIC was required to have a Florida contractor's license to perform the work it undertook and that MIC had failed to meet this contractual requirement. The City then took the position that under section 489.128, Florida Statutes (1999), the contract between MIC and the City was void as against public policy because MIC was an unlicensed contractor. Thus, the City sought to dismiss the arbitration proceedings in their entirety.
After a hearing, the arbitration panel refused to dismiss the arbitration proceedings. The City then filed a petition for writ of certiorari with the circuit court. The circuit court dismissed the petition. The City then filed a petition for writ of certiorari with this court, which this court dismissed without an opinion.
Within days of this court's dismissal of the petition for writ of certiorari, the City filed its three-count complaint in the circuit court along with a motion to stay arbitration. Count I of the complaint sought rescission of the contract on the grounds that the contract was void because *624 MIC was not a licensed contractor. Count II stated a claim for fraud in the inducement based on allegations that MIC fraudulently represented to the City that it was licensed to perform the work involved when it was not, thereby inducing the City to enter into the contract. Count III stated a claim for civil conspiracy based on allegations that MIC conspired with Meadors Construction to perform contracting that was illegal because MIC was not licensed.
The trial court initially stayed the arbitration proceedings and all litigation pending an evidentiary hearing on whether MIC was required to be licensed. The trial court stated that the City would be able to present "colorable evidence" that MIC was required to have a license but did not have one. The court then lifted the stay as to count I of the complaint. The trial court, however, did not resolve the issue of whether MIC was required to have a license. That issue remains pending. The trial court denied MIC's motion to compel arbitration pending resolution of the issue presented by count I.
Once the trial court lifted the stay on count I, the City moved to have the trial court lift the stay as to counts II and III as well. The City argued that these counts were not dependent on the resolution of the issue in count I. Further, the City argued that these counts did not arise out of or in connection with the contract and therefore were not subject to the arbitration clause in the contract regardless of the resolution of count I. The trial court agreed and lifted the stay as to counts II and III. We reverse that order for two reasons.
First, the order lifting the stay of litigation is premature at this point. This court has held that "[a] party who alleges and offers colorable evidence that a contract containing an arbitration clause is illegal cannot be compelled to arbitrate the threshold issue of the existence of the agreement to arbitrate; only a court can make that determination." Riverwalk Apartments, L.P. v. RTM Gen. Contractors, Inc., 779 So.2d 537, 538 (Fla. 2d DCA 2000) (citing Party Yards, Inc. v. Templeton, 751 So.2d 121 (Fla. 5th DCA 2000), and Alphagraphics Franchising, Inc. v. Stebbins, 617 So.2d 463 (Fla. 4th DCA 1993)). Therefore, the trial court properly recognized that it needed to deny MIC's motion to compel arbitration until it resolved the merits of the City's claim that the contract was void as against public policy.
However, the trial court erred by lifting the stay on counts II and III before resolving the issue of whether the contract was void. The trial court's order lifting the stay compromises MIC's right to enforce the arbitration provisions of the contract if the trial court ultimately determines that the contract is not void. Therefore, the trial court should have continued the stay of litigation on counts II and III until it determined whether the contract between MIC and the City was void.
Second, the trial court's finding that the causes of action raised in counts II and III are not subject to arbitration regardless of the resolution of count I is erroneous. As to count II, in Prima Paint Corp. v. Flood & Conklin Manufacturing Co., 388 U.S. 395, 399-400, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), the Supreme Court held that a claim for fraud in the inducement of the entire contract is properly resolved in arbitration rather than in the courts. See also Manning v. Interfuture Trading, Inc., 578 So.2d 842, 843 (Fla. 4th DCA 1991); Beaver Coaches, Inc. v. Revels Nationwide R.V. Sales, Inc., 543 So.2d 359, 362 (Fla. 1st DCA 1989). This is because the claim for fraud recognizes the validity of the contract and the agreement to arbitrate but seeks to avoid them. *625 Prima Paint, 388 U.S. at 403-04, 87 S.Ct. 1801. Because the fraud claim does not dispute the validity of the arbitration agreement in general, the fraud claim is properly decided in arbitration. Id. Thus, count II of the complaint is subject to arbitration if the contract is not void as against public policy.
Count III is also subject to arbitration if the contract is valid because the City's claim for civil conspiracy arises out of and relates to the contract. "[I]n contracts containing broad arbitration provisions, the determination of whether a particular claim must be submitted to arbitration necessarily depends on the existence of some nexus between the dispute and the contract containing the arbitration clause." Seifert v. U.S. Home Corp., 750 So.2d 633, 638 (Fla.1999).[1] To be subject to arbitration, the claim must "arise out of or relate to" the contract. Id. In order for a claim to "arise out of or relate to" the contract, it must "at a minimum, raise some issue the resolution of which requires reference to or construction of some portion of the contract itself." Id.
The issue in count III does "arise out of or relate to" the contract. Count III alleges that MIC and Meadors Construction conspired to allow MIC to engage in illegal contracting activity. Resolution of this issue requires a determination of what work was required by the contract between MIC and the City and whether MIC was required to have a contractor's license to perform that work. Because the determination of this issue requires reference to the terms of the contract itself, the claim arises out of and relates to the contract. Thus, the allegations of count III are subject to arbitration if the contract is found to be valid.
Accordingly, the trial court erred in lifting the stay and allowing litigation to proceed as to counts II and III of the complaint before determining whether the contract was valid. Resolution of the City's case turns entirely on whether MIC was required to have a contractor's license to perform the work that it contracted to do. Until this issue is resolved, there is no way to determine whether the claims made should be addressed in arbitration or litigation. Thus, the trial court must resolve the issue raised by count I of the complaint before proceeding further, and it should stay both the arbitration and the litigation until the issue is resolved. If the trial court finds MIC was required to have a contractor's license and it did not have one, the contract is void as against public policy. See § 489.128, Fla. Stat. (1999); Riverwalk Apartments, 779 So.2d at 539. In that case, the trial court should lift the stay of litigation and allow the suit to proceed. If MIC was not required to have a contractor's license or if its arrangement with Meadors Construction was sufficient to make the contract legal, the contract is not void and the trial court should order the parties to arbitration on all issues raised by the demands for arbitration and the City's suit.
Reversed and remanded.
ALTENBERND and SALCINES, JJ., Concur.
NOTES
[1] A "broad arbitration provision" is one that includes not only those claims "arising out of" the contract, but also those "relating to" the contract. Seifert v. U.S. Home Corp., 750 So.2d 633, 637 (Fla.1999). The arbitration provision in this case includes all claims "arising out of or in connection with or relating to" the contract. Thus, the provision at issue in this case is a "broad arbitration provision" under Seifert.