321 F.3d 1094
 JOHN B. GOODMAN LIMITED PARTNERSHIP, Regal Palms Limited Partnership, Plaintiffs-Appellees,
Millennium Ventures Limited Partnership, L.L.P., Plaintiff-Counter Defendant-Appellee,
v.
THF CONSTRUCTION, INC., f.k.a. Kvaerner Construction, Inc., Defendant-Counter Claimant-Appellant.
 No. 02-13435.
 United States Court of Appeals, Eleventh Circuit.
 February 14, 2003.
 
 Jane M. Wieder, Anthony A.B. Dogali, Forizs & Dogali, P.L., Tampa, FL, for Defendant-Counter Claimant-Appellant.
 Steven L. Brannock, Sarah C. Weinzierl, Seth M. Schimmel, Holland & Knight, LLP, Tampa, FL, Linda Holstein, Parsinen, Kaplan, Rosberg & Gotlieb, Minneapolis, MN, for Plaintiffs-Appellees and Plaintiff-Counter Defendant-Appellee.
 Appeal from the United States District Court for the Middle District of Florida.
 Before DUBINA and BLACK, Circuit Judges, and RYSKAMP*, District Judge.
 PER CURIAM:
 
 
 1
 This case relates to two construction contracts between Appellant THF Construction, Inc. (THF) and Appellees for the construction of two assisted living facilities. Each construction contract contained an arbitration clause requiring disputes arising out of or related to the contracts to be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association.
 
 
 2
 Appellees brought this action against Appellants alleging RICO violations, fraud, and negligent hiring regarding the management of the two construction projects. THF moved the district court for an order compelling arbitration in accordance with the arbitration clauses. In opposing the motion, Appellees argued that since the contracts were performed in part by an unlicensed contractor, Fla. Stat. Ann. § 489.128 rendered the contracts, and the arbitration clauses within the contracts, unenforceable. The current version of this statute reads:
 
 
 3
 As a matter of public policy, contracts entered into on or after October 1, 1990, and performed in full or in part by any contractor who fails to obtain or maintain a license in accordance with this part shall be unenforceable in law or in equity.
 
 
 4
 Fla. Stat. Ann. § 489.128.
 
 
 5
 In ruling on Appellant's motion, the district court cited Riverwalk Apartments, L.P. v. RTM General Contractors, Inc., 779 So.2d 537, 538 (Fla.Dist.Ct.App.2000) for the proposition that "[t]he Court, not the arbitration panel, must determine in the first instance whether the contracts at issue are enforceable." Finding that "Section 489.128, Florida Statutes (2001), makes clear that the arbitration provisions at issue are unenforceable," the district court denied Appellant's motion to compel arbitration. Appellants appealed and argued several grounds for reversing the district court.
 
 
 6
 We conclude that, under the Federal Arbitration Act (FAA) and the Florida Arbitration Code, once the district court is satisfied that the parties actually agreed to arbitrate the dispute, it is for the arbitration panel, not the district court, to determine whether the underlying contracts in general are enforceable under § 489.128. Therefore, we reverse and remand with instructions that the district court grant THF's motion to compel arbitration.
 
 I.
 
 7
 Under the FAA, 9 U.S.C. § 1 et seq., a district court must grant a motion to compel arbitration if it is satisfied that the parties actually agreed to arbitrate the dispute. 9 U.S.C. § 3; see Bess v. Check Express, 294 F.3d 1298, 1304 (11th Cir. 2002). In Prima Paint Corp. v. Flood & Conklin Manufacturing Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), a case governed by the FAA, the Supreme Court ruled arbitration clauses were separable from the contracts in which they were included. Id. at 402-04, 87 S.Ct. at 1805-06; see also Burden v. Check Into Cash of Kentucky, LLC, 267 F.3d 483, 488 (6th Cir.2001) (interpreting Prima Paint). Under this "separability" doctrine, the Court explained a claim of fraudulent inducement of the contract generally was a matter to be resolved by the arbitrator, whereas a claim that the arbitration clause itself was fraudulently induced would be for the court to decide because such a claim put the making of the arbitration agreement in issue. Prima Paint, 388 U.S. at 402-04, 87 S.Ct. at 1805-06.
 
 
 8
 In Chastain v. Robinson-Humphrey Co., 957 F.2d 851, 854 (11th Cir.1992), this Court applied the separability doctrine from Prima Paint and stated that "under normal circumstances," when there is an arbitration clause in a signed contract, "the parties have at least presumptively agreed to arbitrate any disputes, including those disputes about the validity of the contract in general." Id. at 854.
 
 
 9
 In Bess, 294 F.3d at 1298, we further explained the extent of the Prima Paint doctrine. There, the plaintiffs filed suit claiming "check advances" or "deferred payment transactions" between plaintiffs and defendants were actually loans at usurious interest rates in violation of state and federal law. Id. at 1300-01. Invoking the arbitration provision contained in the "deferred payment transaction" contracts, the defendants moved to compel arbitration. Id. at 1301. The plaintiffs argued the arbitration provision could not be enforced; the contracts in general were void ab initio, they argued, because the deferred payment transactions violated the Alabama Small Loans Act. Id. at 1301-02. After analyzing Prima Paint and Chastain, we held the issue of whether the deferred payment transactions were void as illegal was for the arbitrator, not the court, to decide. Id. at 1306. We stated:
 
 
 10
 [Plaintiff] urges that the transactions in this case are void, not because he failed to assent to the essential terms of the contracts, but because those terms allegedly render the contracts illegal under Alabama law. At bottom, [Plaintiff] challenges the content of the contracts, not their existence. ... [Here], both the arbitration agreement and the deferred payment contracts were signed by [Plaintiff], and there is no question about [Plaintiff's] assent to those contracts. Thus, this case falls within the "normal circumstances" described in Chastain, where the parties have signed a presumptively valid agreement to arbitrate any disputes, including those about the validity of the underlying transaction. Therefore, the issue raised by [Plaintiff]—whether the deferred payment transactions are void as illegal—is one for the arbitrator, not the court.
 
 
 11
 Id. at 1305-06.
 
 
 12
 If the Prima Paint doctrine of separability applies to the case at bar, once the district court was satisfied the parties assented to the arbitration clause, it was for the arbitration panel, not the district court, to determine whether the construction contracts generally were enforceable under Florida law. Like the plaintiff in Bess, Appellee argues its contracts with THF are unenforceable, not because Appellee failed to assent to the essential terms of the contracts, but because the method of performance (i.e., the contract was performed, in part, by an unlicensed contractor) rendered them unenforceable under Florida law. At bottom, Appellee challenges the performance of the contracts, not their existence. There is no question about Appellee's assent to the contracts generally or the arbitration clauses specifically. Thus, this case falls within the "normal circumstances" as explained in Prima Paint, Chastain, and Bess, in which the parties signed a presumptively valid agreement to arbitrate any disputes, including those relating to the validity or enforceability of the underlying contract. Therefore, the issue raised by Appellee-whether the construction contract generally was unenforceable under Florida law because the contract was performed in part by an unlicensed contractor-is one for the arbitration panel, not the district court.
 
 II.
 
 13
 Appellees argue the FAA does not apply to this case and that Florida law should control. Appellants do not contest that Florida law governs this dispute. Nevertheless, after reviewing the Florida Arbitration Code and Florida caselaw, we conclude the result is the same under Florida law.
 
 
 14
 The Florida Arbitration Code is substantially similar to the FAA and the Uniform Arbitration Act.[1] In language similar to that used in the FAA, § 682.03(1) of the Florida Arbitration Code states: "If the court is satisfied that no substantial issue exists as to the making of the agreement or provision [for arbitration], it shall grant the application [directing the parties to proceed with arbitration]."
 
 
 15
 We have found two Florida cases containing a thorough analysis of the Florida Arbitration Code and the separability doctrine.[2] See Ronbeck Constr. Co. v. Savanna Club Corp., 592 So.2d 344 (Fla.Dist.Ct. App.1992); Post Tensioned Eng'g Corp. v. Fairways Plaza Assocs., 412 So.2d 871 (Fla.Dist.Ct.App.1982). In Post Tensioned Engineering Corp., Florida's Third District Court of Appeal held that under the Florida Arbitration Code "the role of the court in deciding, ab initio, whether arbitration may be compelled is limited to determining whether an enforceable arbitration clause exists." 412 So.2d at 873. Citing Prima Paint, the court stated that under the Florida Arbitration Code, Florida courts are to treat the arbitration provision of a contract as a separate contract as a matter of law. Id. at 873 n. 3. The court explained the plain language of the Florida Arbitration Code refers to "an agreement or provision to arbitrate," not to the contract in its entirety. Id. at 873 n. 2. "Thus, under the Florida or Federal view, only an attack on the making of the arbitration provision of the contract raises an issue for the court to decide." Id. at 873 n. 3. A challenge to the validity or enforceability of a contract generally, as distinguished from a challenge to the validity of the arbitration clause specifically, is subject to arbitration, under both the Florida Arbitration Code and the FAA.
 
 
 16
 Similarly, in Ronbeck Construction Co., Florida's Fourth District Court of Appeal held that a claim for rescission of a contract containing an arbitration provision was subject to arbitration because the alleged basis for rescission did not include any allegation that the arbitration provision itself was fraudulently induced. 592 So.2d at 347. The court stated:
 
 
 17
 There is no doubt that Florida arbitration law makes an arbitration provision in a contract separate from the rest of the contract. Section 682.03, Florida Statutes (1989), contains several provisions establishing the separable nature of arbitration agreements. Subsection (1) explicitly uses the words "the making of the agreement or provision" [e.s.] twice. The latter usage especially covers this precise point:
 
 
 18
 "If the court shall find that a substantial issue is raised as to the making of the agreement or provision, it shall summarily hear and determine the issue and, according to its determination, shall grant or deny the application." [e.s.]
 
 
 19
 See also Section 682.03(4), Florida Statutes (1989). The words, "the agreement or provision" obviously refer only to the arbitration agreement or provision, not to the entire carrier agreement. Hence, any claim of rescission that does not expressly address the arbitration agreement or provision itself is, if it concerns something within the scope of the arbitration provision, also subject to arbitration.
 
 
 20
 
 Id.
 
 
 
 21
 Given the similarities between the Florida Arbitration Code and the Federal Arbitration Act, and the Florida courts' frequent citation to federal cases, such as Prima Paint, when interpreting the Florida Arbitration Code, we think the Florida rule and the Federal rule are the same: once the court is satisfied that the parties actually agreed to arbitrate the dispute, it is for the arbitrator to decide whether the contract containing the valid agreement to arbitrate is itself enforceable.
 
 
 22
 Here there is no dispute that Appellees entered into a valid agreement to arbitrate disputes relating to these construction contracts. Therefore, it is for the arbitration panel, not the district court, to decide whether the contracts in general are enforceable under Florida law. Thus, we reverse and remand with instructions to grant Appellant's motion to compel arbitration.
 
 
 23
 REVERSED and REMANDED.
 
 
 
 Notes:
 
 
 *
 Honorable Kenneth L. Ryskamp, United States District Judge for the Southern District of Florida, sitting by designation
 
 
 [1]
 Section 6(c) of the Uniform Arbitration Act states an arbitrator shall decide whether a contract containing a valid agreement to arbitrate is itself enforceable, and comment 4 states this language was intended to follow the "separability" doctrine outlined inPrima Paint. Additionally, the comment notes that a majority of the states recognize some form of the separability doctrine under state arbitration laws.
 
 
 [2]
 Appellees cite other cases that hold or suggest that the court, not the arbitrator, should decide whether § 489.128 renders a contract containing an arbitration clause unenforceableSee Micronair, Inc. v. City of Winter Haven, 800 So.2d 622 (Fla.Dist.Ct.App.2001); Riverwalk, 779 So.2d at 538; Island House Developers, Inc. v. Amac Constr., Inc. 686 So.2d 1377 (Fla.Dist.Ct.App.1997). Unlike Post Tensioned Engineering Corp. and Ronbeck Construction Co., the cases cited by Appellee do not contain a thorough analysis of the Florida Arbitration Code. In Micronair and Riverwalk, it is unclear whether the courts applied the FAA or the Florida Arbitration Code, and in Island House Developers the court simply cited provisions of the Florida Arbitration Code in passing without any discussion. Furthermore, the Micronair court relied on Prima Paint's holding that a claim of fraud in the inducement of the entire contract is properly resolved in arbitration rather than in the courts, but did not adequately explain why Prima Paint's doctrine of separability does not apply when the party opposing arbitration alleges the underlying contract, containing a valid arbitration clause, is unenforceable under § 489.128. Micronair, 800 So.2d at 624-25.
 Although some Florida District Courts of Appeal have stated that when considering motions to compel arbitration under the Florida Arbitration Code, trial courts are to determine "whether a valid written agreement exists containing an arbitration clause," see e.g. Doan v. Amelia Retreat Condo. Assoc., Inc., 604 So.2d 1292, 1293 (Fla.Dist.Ct.App.1992), the Supreme Court of Florida has stated the question differently: "Under both the federal statutory provisions and Florida's arbitration code," trial courts are to determine "whether a valid written agreement to arbitrate exists." Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999). We therefore find Appellees' citations to be unpersuasive.