845 So.2d 303 (2003)
STACY DAVID, INC., d/b/a Brandon Mitsubishi, a Florida corporation, Appellant,
v.
Jennifer CONSUEGRA and Francisco A. Consuegra, Appellees.
No. 2D02-1243.
District Court of Appeal of Florida, Second District.
May 16, 2003.
*304 Andrew F. Russo of Rywant, Alvarez, Jones, Russo & Guyton, P.A., Tampa, for Appellant.
Theresa I. Wigginton of Theresa I. Wigginton, P.A., Brandon, for Appellees.
*305 Cynthia S. Tunnicliff and Julius F. Parker, III, of Pennington, Moore, Wilkinson, Bell & Dunbar, P.A., Tallahassee, for Amicus Curiae Florida Automobile Dealers Association.
ALTENBERND, Chief Judge.
Stacy David, Inc., d/b/a Brandon Mitsubishi, appeals a nonfinal order denying a motion to compel arbitration of a consumer claim initiated by Jennifer and Francisco A. Consuegra. We conclude that the trial court was overly restrictive in applying the guidelines discussed in Seifert v. U.S. Home Corp., 750 So.2d 633 (Fla.1999), to exclude certain tort and statutory issues from arbitration. Accordingly, we reverse and remand to the trial court to submit these claims to arbitration.
On January 25, 2001, the Consuegras went shopping for a new car at Brandon Mitsubishi. They decided to purchase a new 2001 Mitsubishi Eclipse RT. To complete the purchase, the Consuegras signed several documents including a retail order for a motor vehicle and a retail installment contract. The retail order contained an arbitration clause, which was placed in a conspicuous box immediately above the signature lines. In all capital letters, it stated:
ANY CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING TO THIS CONTRACT OR THE BREACH THEREOF, SHALL ONLY BE SETTLED BY ARBITRATION IN HILLSBOROUGH COUNTY, FLORIDA IN ACCORDANCE WITH THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION, AND JUDGEMENT UPON THE AWARD RENDERED BY THE ARBITRATOR(S) MAY BE ENTERED IN ANY COURT HAVING JURISDICTION THEREOF. THE ARBITRATION COST TO BE SPLIT EQUALLY BETWEEN BRANDON MITSUBISHI/HYUNDAI & CUSTOMER.
While driving home in the car, the Consuegras noticed that the steering wheel was not aligned properly and that the headlights were off center. They immediately returned to Brandon Mitsubishi. For the first time, the sales representative informed them that the vehicle had sustained damage while being unloaded at the dealership. The Consuegras attempted to void the transaction. Brandon Mitsubishi refused to rescind the contract or accept return of the automobile. However, Brandon Mitsubishi did agree to do certain repairs on the vehicle. Brandon Mitsubishi also agreed to pay the Consuegras $800 and provide an additional feature worth $350. The Consuegras thereafter signed a disclosure that the car had been in an accident and repaired back to factory standards.[1]
On August 24, 2001, the Consuegras filed a nine-count complaint against Brandon Mitsubishi. The complaint alleged negligent misrepresentation, several counts of intentional fraud, rescission, breach of express warranty, breach of implied warranty, violation of the Magnuson-Moss Act,[2] and violation of the Florida Deceptive and Unfair Trade Practices Act.[3] Brandon Mitsubishi responded to the complaint with a motion to compel arbitration. The trial court denied the motion to compel arbitration as to all counts on the ground that the tort claims were not subject *306 to arbitration. Brandon Mitsubishi filed this appeal from the nonfinal order.
An order denying a motion to compel arbitration is generally reviewed de novo. See Hirshenson v. Spaccio, 800 So.2d 670 (Fla. 5th DCA 2001). In determining whether a dispute is subject to arbitration, courts consider at least three issues: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived. See Seifert, 750 So.2d at 636. In this case, only the second issue is disputed.
The arbitration clause in this case employs the phrase "any controversy or claim arising out of or relating to" a contract. It is well-established that such a broad form arbitration clause may require arbitration of tort issues including issues of fraud. See Micronair, Inc. v. City of Winter Haven, 800 So.2d 622 (Fla. 2d DCA 2001); Simpson v. Cohen, 812 So.2d 588 (Fla. 4th DCA 2002).
On appeal, the Consuegras argue that their causes of action do not arise from the contract. We disagree. Deciding whether a particular claim is covered by a broad arbitration provision requires a determination of whether a significant relationship exists between the claim and the agreement containing the arbitration clause, regardless of the legal label attached to the dispute. Seifert, 750 So.2d at 637-38. In Seifert, the supreme court attempted to draw a clearer line between personal injury claims that may be exempt from arbitration and the types of torts that may be arbitrated. Id. at 641. The supreme court explained that tort claims based on duties owed to the general public as a matter of common law or public policy may fall outside an arbitration clause, but that tort claims based on duties that are dependent upon the existence of the contractual relationship between the parties are normally arbitrable. Seifert, 750 So.2d at 640-41.
Prior to Seifert, case law existed that enforced arbitration clauses in the context of a purchase of a used automobile even when the plaintiff alleged fraud or deceptive trade practices. See Passerrello v. Robert L. Lipton, Inc., 690 So.2d 610 (Fla. 4th DCA 1997); Value Car Sales, Inc. v. Bouton, 608 So.2d 860 (Fla. 5th DCA 1992). Seifert did not overrule this case law. The fact that the automobile in this case is new is not a factor that should require different rules of arbitrability. In this type of consumer claim, the duties alleged under theories such as fraud in the inducement of a contract, fraud in the performance of a contract, or negligent misrepresentation are duties dependent upon the existence of a contractual relationship between the parties. Because the Consuegras' claims implicate the contractual agreement, the allegations are considered "arising out of or relating to" the agreement, thus subjecting the claims to arbitration.
After Seifert, the case law has required arbitration of claims under the Florida Deceptive and Unfair Trade Practices Act. Aztec Med. Servs., Inc. v. Burger, 792 So.2d 617, 618 (Fla. 4th DCA 2001). Likewise, the Eleventh Circuit has required arbitration of claims under the Magnuson-Moss Act. See Davis v. S. Energy Homes, Inc., 305 F.3d 1268 (11th Cir.2002).[4] Thus, no count of the Consuegras' complaint appears *307 to fall outside the arbitration agreement.
On appeal, the Consuegras also argue that the arbitration clause is unenforceable because they unilaterally rescinded the contract or because Brandon Mitsubishi did not execute the retail order. We note that these theories were neither pleaded in their complaint nor otherwise raised in the record contained in the appendix. The Consuegras have not alleged a separate claim that the arbitration clause itself is invalid under the separability doctrine, and have affirmatively alleged a claim for breach of an express contractual warranty. Because the Consuegras failed to specifically attack the arbitration clause the claims are properly submitted to arbitration. See Ronbeck Constr. v. Savanna Club Corp., 592 So.2d 344 (Fla. 4th DCA 1992); Manning v. Interfuture Trading, Inc., 578 So.2d 842 (Fla. 4th DCA 1991); John B. Goodman L.P. v. THF Constr., Inc., 321 F.3d 1094 (11th Cir.2003). Cf. R.B.F. Mgmt. Co. v. Sunshine Towers Apartment Residences Ass'n, 352 So.2d 561, 562 (Fla. 2d DCA 1977) (holding that arbitration could not be compelled where plaintiff sought only rescission, and there was "no claim for damages in any of the five counts of the complaint"). This case is also distinguishable from Henderson v. Coral Springs Nissan, Inc., 757 So.2d 577 (Fla. 4th DCA 2000), in which the dealership sought to enforce an arbitration clause after it had rescinded the contract and repossessed the car.
The Consuegras point out that the retail order was not signed by Brandon Mitsubishi; however, the documents in the record reflect that Brandon Mitsubishi executed other documents associated with this sale. The retail order not only has lines for a business manager's approval or a sales manager's acceptance, but it also contains a blank provision stating: "This order is not valid unless signed and accepted by __________." Thus, it appears that this document may have become a valid contract enforceable against Brandon Mitsubishi once it arranged for the customer to sign the agreement. Given that the Consuegras admit that they executed the arbitration agreement, nothing in this record suggests they have any right to avoid this agreement in this context. Cf. Terminix Int'l Co. v. Ponzio, 693 So.2d 104 (Fla. 5th DCA 1997) (enforcing arbitration agreement against nonsignatory third-party beneficiaries).
Reversed and remanded.
NORTHCUTT and DAVIS, JJ., concur.
NOTES
[1] Because the record in this nonfinal appeal is limited, this statement of facts is based on allegations in the pleadings and on the content of the various documents involved in the sales transaction.
[2] See 15 U.S.C. § 2310 (2001).
[3] See § 501.204, Fla. Stat. (2001).
[4] After the trial court ruled in the Consuegras' case, the supreme court held that even a personal injury claim could still be subject to arbitration under the guidelines established in Seifert. See Sears Authorized Termite & Pest Control, Inc. v. Sullivan, 816 So.2d 603 (Fla. 2002).