14 So.3d 1084 (2009)
NEW PORT RICHEY MEDICAL INVESTORS, LLC, d/b/a Life Care Center of New Port Richey; Forrest L. Preston; Developers Investment Company II, Inc.; Life Care Center of America, Inc., a/k/a Life Care Center of America, Inc. of Tennessee, a/k/a Life Care Center of America; Kimberly Smith, a/k/a Kimberly Ann Smith; and Kerri Deren, n/k/a Kerri D. Harmon (as to Life Care Center of New Port Richey), Appellants,
v.
Dorothy STERN, by and through Debra PETSCHER, Attorney-in-Fact, Appellee.
No. 2D09-214.
District Court of Appeal of Florida, Second District.
June 5, 2009.
*1085 Michael R. D'Lugo of Wicker, Smith, O'Hara, McCoy & Ford, P.A., Orlando, for Appellants New Port Richey Medical Investors, LLC; Forrest L. Preston; Developers Investment Company II, Inc.; and Life Care Center of America, Inc.
No appearance for Appellants Kimberly Smith and Kerri Deren.
Susan B. Morrison of Law Offices of Susan B. Morrison, P.A., Tampa, and Isaac R. Ruiz-Carus of Wilkes & McHugh, P.A., Tampa, for Appellee.
WALLACE, Judge.
In this appeal we are asked to determine whether an agreement for arbitration between a nursing home resident and a nursing home is enforceable when the organization designated in the agreement to administer the arbitration is unavailable. Because section 682.04, Florida Statutes (2007), provides that the court shall appoint one or more arbitrators if the method for appointment of arbitrators agreed on in the parties' agreement fails or for any reason cannot be followed, we hold that the arbitration agreement is enforceable under these circumstances. Accordingly, we reverse the circuit court's order that ruled to the contrary.

I. THE FACTS AND PROCEDURAL HISTORY
In June 2008, the appellee, Dorothy Stern, filed an action for the violation of her rights as a nursing home resident and *1086 for other claims against the appellants, New Port Richey Medical Investors, LLC, d/b/a Life Care Center of New Port Richey, and others (collectively, Life Care). Life Care moved to dismiss Ms. Stern's complaint and to compel arbitration. When Ms. Stern was admitted to Life Care's facility in April 2006, she and Life Care entered into an arbitration agreement. The agreement provided, in pertinent part, that any disputes would be submitted to arbitration to be administered by the American Arbitration Association (the AAA). The agreement provided further that "[i]n conducting the hearing and all other proceedings relative to the arbitration of the claims(s), the arbitrators shall apply the applicable rules of procedure of the AAA."
At a hearing on the motion to compel arbitration, Ms. Stern submitted a paper from an internet website purporting to be from the AAA. The paper, which was titled "Healthcare Policy Statement," provided, in pertinent part: "As a result of a review of its caseload in the health care area, the American Arbitration Association has announced that it will no longer accept the administration of cases involving individual patients without a post-dispute agreement to arbitrate." According to the statement, this policy became effective on January 1, 2003.
Ms. Stern and Life Care never entered into a postdispute agreement to arbitrate. Based on the absence of such a postdispute agreement and the AAA's policy statement, Ms. Stern's attorney argued "that there was no valid agreement to arbitrate." Ms. Stern's attorney explained:
Here, we have the AAA changing its rules and no longer accepting these particular types of claims; and it's very clearly in the agreement, therefore, what the parties agree to  and this is an essential term. Why is this an essential material term? We have the choice of arbitrator being the AAA, and we have the rules of procedure being the AAA rules of procedure.
Those are material terms that the parties agree to. It's not for the Court to come and change the agreement of the parties with respect to this. And clearly circumstances have changed outside of what the parties knew at the time they created this agreement, such that it's impossible to perform a material term of the contract.
Despite this argument, neither party presented any evidence concerning the intent of the parties in selecting the AAA as the forum for any arbitration proceedings that might arise.
The circuit court ruled that the arbitration agreement was invalid and unenforceable. Based on this ruling, the circuit court denied Life Care's motion to compel arbitration. This appeal followed.[1]

II. PRELIMINARY MATTERS
The circuit court's decision to deny Life Care's motion to compel arbitration is based in part on findings of fact, presenting us with a mixed question of law and fact. Our "review of the [circuit] court's factual findings is limited to determining whether they are supported by competent, substantial evidence." Shotts v. OP Winter Haven, Inc., 988 So.2d 639, 643 (Fla. 2d DCA 2008). However, we use a de novo standard to review the circuit court's construction of the arbitration agreement and its application of the law to the facts found. Id.
*1087 "In determining whether a dispute is subject to arbitration, courts consider at least three issues: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." Stacy David, Inc. v. Consuegra, 845 So.2d 303, 306 (Fla. 2d DCA 2003) (citing Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999)). Here, the only issue before us is the enforceability of the parties' arbitration agreement in light of the unavailability of the designated forum for the conduct of the arbitration.

III. DISCUSSION
The circuit court erred in ruling that the unavailability of the AAA to conduct the arbitration rendered the arbitration agreement unenforceable. The Florida Arbitration Code specifically addresses the eventuality of the unavailability of the parties' chosen arbitrator to conduct the arbitration. Section 682.04 provides:
If an agreement or provision for arbitration subject to this law provides a method for the appointment of arbitrators or an umpire, this method shall be followed. In the absence thereof, or if the agreed method fails or for any reason cannot be followed, or if an arbitrator or umpire who has been appointed fails to act and his or her successor has not been duly appointed, the court, on application of party to such agreement or provision shall appoint one or more arbitrators or an umpire. An arbitrator or umpire so appointed shall have like powers as if named or provided for in the agreement or provision.
(Emphasis added.) Thus the parties' arbitration agreement is not rendered invalid or unenforceable simply because the AAA is unavailable to conduct the arbitration. Instead, the circuit court must appoint another arbitrator or arbitrators. See Owens v. Nat'l Health Corp., 263 S.W.3d 876, 885-86 (Tenn.2007). But see Magnolia Healthcare, Inc. v. Barnes ex rel. Grigsby, 994 So.2d 159, 161-62 (Miss.2008) (plurality opinion).
Ms. Stern did not present any evidence in the circuit court that the choice of the AAA as the forum for any arbitration proceedings was an integral part of the agreement to arbitrate. See Brown v. ITT Consumer Fin. Corp., 211 F.3d 1217, 1222 (11th Cir.2000) (construing section 5 of the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (2000)) (citing Zechman v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 742 F.Supp. 1359, 1364 (N.D.Ill.1990)). We also observe that the parties' arbitration agreement contains a severability clause.

IV. CONCLUSION
For the foregoing reasons, we reverse the circuit court's order denying Life Care's motion to compel arbitration and we remand for further proceedings consistent with this opinion.
Reversed and remanded.
DAVIS and SILBERMAN, JJ., Concur.
NOTES
[1] This court has jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv).